DIAZ, J.,
for the Court:
¶ 1. Albert E. Riley, the appellant, seeks post conviction relief after he entered a guilty plea to a charge of acquiring possession of a controlled substance by misrepresentation in the Desoto County Circuit Court. The defendant raises the following issue in this appeal: whether the trial court erred in denying Riley’s petition for post-conviction relief and failed to grant appellant an evidentiary hearing on his petition for post-conviction relief. Finding no error, we affirm.
FACTS
¶ 2. On January 29, 1996, Albert E. Riley pled guilty to a charge of acquiring possession of a controlled substance by misrepresentation. He was sentenced to serve a term of ten years in the custody of the Mississippi Department of Corrections. ¶ 3. Twenty-three months into his sentence, Riley filed a petition for post-conviction relief asserting that his counsel had informed him prior to the plea “that he would receive only two years of imprisonment.” Riley filed an affidavit in support of his contentions. The circuit court summarily dismissed Riley’s petition without a hearing and stated that the plea transcript contradicted his allegations concerning the length of his sentence. Feeling aggrieved, Riley perfects this appeal.
DISCUSSION
¶4. Where pleadings are in direct conflict with the guilty plea hearing transcript, a petition for post-conviction relief is properly dismissed. Ford v. State, 708 So.2d 73, 76-77 (Miss.1998). The trial court in the case sub judice, sitting without a jury, held an evidentiary hearing to determine the voluntariness of Schmitt’s pleas. This Court will not set aside findings of a trial court sitting without a jury unless such findings are clearly erroneous. Reynolds v. State, 521 So.2d 914, 918 (Miss.1988). Such is the case where a defendant does not allege with “specificity and detail” that his counsel’s performance was deficient and prejudicial to his defense. Brooks v. State, 573 So.2d 1350, 1354 (Miss.1990) (holding that where facts alleged in petition and brief were not supported by any affidavits other than prisoner’s, petition was properly dismissed). In Jones v. State, 669 So.2d 1383, 1393 (Miss.1995), the Mississippi Supreme Court held that: “[s]o long as the sentence imposed is within the statutory limits, sentencing is generally a matter of trial court discretion.”
¶ 5. In the case sub judice, the following dialogue took place between the trial judge and Riley while he was under oath:
Q: You realize that I’m not bound by any plea bargains which may have occurred between your attorney and the District Attorney’s office, and in fact, I can give you anywhere between the maximum and the minimum that I want to? The maximum is ten years and $2,000 and the minimum is two years for *178 a second offender. You understand that?
A. Yes, sir. I do.
Q. But you understand that I can give you up to ten years if I want to?
A. Yes, sir. I do.
Q. You understand no one can assure you’ll receive any parole, any good time or any early release; and if I did sentence you to ten years in the Department of Corrections, you might serve every single day?
A. Yes, sir.
(T. 9-10).
¶ 6. Riley asserts that his attorney’s performance was ineffective because the sentence that he received was longer than the minimum that he agreed to during plea negotiations. However, a review of the plea transcript indicates that Riley was aware that he might receive the maximum sentence and that he might serve an entire ten year sentence. Furthermore, Riley does not contend that the sentence imposed exceeded the statutory limit. Instead, Riley employs a revisionist view of his plea negotiations and states that he only agreed to a two year sentence. The only proof of this two year agreement is Riley’s own affidavit. Since Riley’s claims are belied by the record, unsupported by affidavits other than his own, and manifestly without merit, the trial judge properly dismissed the petition for post-conviction relief. Therefore, this assignment of error is without merit.
¶ 7. THE JUDGMENT OF THE DE-SOTO COUNTY CIRCUIT COURT OF DENIAL OF POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO DESO-TO COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, COLEMAN, IRVING, LEE, PAYNE, AND THOMAS, JJ., CONCUR.