749 So.2d 375 (1999)
Charles MARTIN, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1999-CP-00353-COA.
Court of Appeals of Mississippi.
October 12, 1999.
*376 Appellant pro se.
Office of the Attorney General by W. Glenn Watts, for Appellee.
BEFORE SOUTHWICK, P.J., LEE, AND PAYNE, JJ.
LEE, J., for the Court:
¶ 1. On May 24, 1996, Martin entered a plea of guilty to manslaughter of his girlfriend, and he was sentenced to serve *377 twenty years in the Mississippi Department of Corrections. Subsequently, Martin filed a pro se motion to vacate judgment and sentence. The circuit court entered an order denying the motion filed by Martin. It is from this denial that Martin files a timely pro se appeal. The following issues are presented on appeal: (1) whether Martin was denied effective assistance of counsel, (2) whether Martin's attorney misled him into entering a guilty plea, (3) whether Martin is entitled to withdraw his plea of guilty if his out-of-state attorney was not legally qualified to represent Martin in the state of Mississippi. This Court finds these arguments to be without merit and affirms the decision of the trial court.

FACTS
¶ 2. The record reveals that on June 25, 1995, after an evening of drinking, Martin and his girlfriend became engaged in a fight. Martin struck his girlfriend several times which resulted in her death. Martin was originally indicted for murder; however, on May 24, 1996, the State made a motion to reduce the charges from murder to manslaughter, and said motion was sustained by the trial court. At the time Martin pled guilty he had two attorneys of record: Donald O. Pinkston and Robert E. Evans.
¶ 3. At the time in question, it appears Pinkston was a member of the Louisiana Bar and not the Mississippi Bar. Evans, on the other hand, was a member of the Mississippi Bar and had been associated by Pinkston to assist Pinkston in the representation of Martin. On May 24, 1996, Martin was present with one of his attorneys of record, Robert Evans, and pled guilty to manslaughter. Martin was sentenced to twenty years in the custody of the Mississippi Department of Corrections.
¶ 4. Martin argues on appeal that his guilty plea was involuntary because he had ineffective assistance of counsel. Martin asserts that attorney, Donald O. Pinkston, had promised him prior to the plea hearing that if he entered a plea of guilty to manslaughter he would be sentenced to twenty years, but would only serve two and one-half years. Martin argues that it was due to the promise made by Pinkston that he entered his guilty plea. Martin also argues for the first time on appeal that attorney, Donald O. Pinkston, an attorney in Louisiana, as out-of-state counsel, did not follow the requirements mandated under M.R.A.P. 46 to represent him in the case at bar; therefore, he should be granted the right to withdraw his plea of guilty.
DISCUSSION
I. WHETHER MARTIN WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.
II. WHETHER MARTIN'S ATTORNEY MISLEAD HIM INTO ENTERING A GUILTY PLEA.
¶ 5. The question of whether a plea was voluntarily and knowingly made is a question of fact. Martin bears the burden of proving by a preponderance of the evidence that he is entitled to relief. McClendon v. State, 539 So.2d 1375, 1377 (Miss.1989). It is important to remember that the remedy which is being sought is to set aside a final judgment which has been entered upon a plea of guilty given in open court, following the thorough efforts of a trial judge to ensure that such plea is knowing and voluntary.
¶ 6. To prevail on the issue of whether his defense counsel's performance was ineffective requires a showing that counsel's performance was deficient and that the defendant was prejudiced by counsel's mistakes. Strickland v. Washington, 466 U.S. 668, 687-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This test "applies to challenges to guilty pleas based on ineffective assistance of counsel." Hill v. Lockhart, 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). The burden is on the defendant to bring forth proof which demonstrates that both prongs of the Strickland test are met. Moody v. State, *378 644 So.2d 451, 456 (Miss.1994). There is a strong but rebuttable presumption that counsel's conduct falls within a wide range of reasonable professional assistance. Id. at 456. Accordingly, appellate review of counsel's performance is "highly deferential." Strickland, 466 U.S. at 689, 104 S.Ct. 2052. "The deficiency and any prejudicial effect are assessed by looking at the totality of the circumstances." Carney v. State, 525 So.2d 776, 780 (Miss.1988). When this Court reviews the totality of the circumstances revealed in the record we find that Martin has failed to meet his burden and substantiate the facts argued essential to proving deficiency and prejudice.
¶ 7. Martin asserts that he entered a guilty plea to manslaughter instead of murder because his attorney, Donald O. Pinkston, had informed him that he had an agreement with the Mississippi Department of Corrections and, therefore, Martin would only serve two and one-half years as a result of his guilty plea. The evidence contained in the record clearly indicates the contrary.
¶ 8. The record reveals that Martin was apprized of his rights and the possible consequences of his guilty plea. Martin attached several exhibits to his brief. One exhibit was a letter addressed to Donald O. Pinkston, from Martin's associated, local counsel, Robert Evans, which stated that he had informed Martin prior to his plea that Martin would receive a sentence of twenty years if he entered a plea of guilty to manslaughter. Additionally, the trial judge informed Martin that the district in which he was pleading did not negotiate plea bargains and that the maximum sentence that might be imposed was twenty years. Martin had every opportunity to inform the trial judge of the agreement that he believed had been reached by the State and his attorney prior to entering his plea of guilty. Furthermore, the record explicitly shows that Martin knowingly agreed to waive a pre-sentence report and accept the maximum sentence of twenty years for the commission of the crime of manslaughter. Besides Martin's sworn statement of the facts, Martin failed to attach any affidavits of witnesses which would support his contention that his attorney coerced him into pleading guilty.
¶ 9. When the record contains pleadings that are in direct conflict with the transcript derived from the guilty plea hearing, a petition for post-conviction relief is properly dismissed. Riley v. State, 98-CA-00742-COA (¶ 4), 748 So.2d 176 (Miss. Ct.App. 1999); see also Ford v. State, 708 So.2d 73, 76-77 (Miss.1998). In the case at bar, the trial court, sitting without a jury, held an evidentiary hearing to determine whether Martin's guilty plea was voluntary. This Court will not set aside the findings of a trial court when sitting without a jury unless such findings are clearly erroneous. Riley, 98-CA-00742-COA at (¶ 4), 748 So.2d at 177; see also Reynolds v. State, 521 So.2d 914, 918 (Miss.1988). Where facts alleged in appellant's petition and brief were not supported by any affidavits other than prisoner's, the petition was properly dismissed. Riley, at (¶ 4), at 177; see also Brooks v. State, 573 So.2d 1350, 1354 (Miss.1990). In addition to the aforementioned case law, the failure of Martin to attach supporting affidavits fails to meet the statutory requirement of Miss. Code Ann. § 99-39-9 (Rev.1994). That section requires affidavits of witnesses who will testify in support of contentions made in a motion for post-conviction relief relative to ineffective assistance of counsel. This Court notes that Martin wrote several letters inquiring about obtaining documentation relative to the two and one-half year plea. One letter was addressed to the Commissioner of Corrections and two letters were addressed to Pinkston; however, Martin never received a response from either Pinkston or the Commissioner to confirm or deny the contentions asserted by Martin relative to a two and one-half year sentence. This Court finds that the record is in direct contradiction to the assertions made by Martin in his pleadings. The trial court did not err in denying the motion to vacate and set aside sentence filed by Martin. Therefore, this assignment of error is without merit.

*379 III. WHETHER MARTIN IS ENTITLED TO WITHDRAW HIS GUILTY PLEA IF HIS OUT-OF-STATE ATTORNEY WAS NOT LEGALLY QUALIFIED TO REPRESENT MARTIN IN THE STATE OF MISSISSIPPI.
¶ 10. Donald O. Pinkston, a licensed attorney in Louisiana, was one of two attorneys which represented Martin in the case at bar. Martin contends that Pinkston failed to comply with M.R.A.P. 46(b)(1-4), which lists the procedures for out-of-state counsel to appear pro hac vice in a particular cause and, therefore, he should be allowed to withdraw his plea of guilty. "Before an issue may be assigned and argued here, it must first have been presented to the trial court. Where the issue has not been timely presented below, it is deemed waived. The point is thus said to be procedurally barred when urged here." Read v. State, 430 So.2d 832, 838 (Miss.1983). In the case at bar, Martin failed to present this argument to the trial judge for a ruling in his initial motion to vacate and set aside sentence, and he may not present it for the first time on appeal.
¶ 11. Notwithstanding the procedural bar, this Court holds that the aforementioned argument asserted by Martin does not warrant the allowance of the withdrawal of Martin's guilty plea. After a review of the record, it appears that Pinkston may not have completely followed the procedures to appear pro hac vice. The record does not contain a copy of the sworn affidavit executed by Pinkston. However, this Court does not know if the affidavit is not contained in the record because there is not one or because Martin excluded it, but there is a clue found in Martin's brief. In the brief filed by Martin a letter from his attorney, Robert Evans, addressed to Pinkston dated May 1, 1996, was attached as an exhibit. In the letter, Evans expresses concern about Pinkston's compliance with Rule 46. This letter was mailed approximately twenty-three days before Martin entered his plea; however, it is abundantly clear from the record that Pinkston did associate Robert Evans as local counsel.
¶ 12. Pinkston did not appear at the guilty plea hearing. Instead, local counsel, Robert Evans, was present when Martin entered his plea of guilty at the hearing. It is undisputed in the record that Evans was a local attorney who was familiar with the local rules and practiced in this area of law. The argument that Pinkston had not met the requirements of M.R.A.P. 46 in no way impedes the validity of the guilty plea entered by Martin. The argument asserted by Martin does not warrant this Court granting a withdrawal of his guilty plea. The Court reaches this conclusion based on the law and facts discussed in issues one and two. It is for this reason that the third assignment of error asserted by Martin is without merit.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF JEFFERSON DAVIS COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JEFFERSON DAVIS COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, DIAZ, IRVING, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.