LEE, J.,
for the Court:
¶ 1. Robert Ingram appeals the denial of his motion for post-conviction relief. We affirm, finding his arguments to be without merit.
*468 FACTS
¶ 2. On September 11, 1996, Ingram and three others were indicted for burglarizing twelve separate automobiles. Ingram pled guilty on two charges of automobile burglary and was sentenced to serve terms of five years on each charge, with said convictions to run consecutive to each other. He thereafter filed a motion for post-conviction relief asserting that the court’s conviction and sentence was imposed in violation of the Mississippi and United States Constitutions, that he received ineffective assistance of counsel, and that there existed evidence of material fact, not previously presented and heard, that required vacation of his sentence. The circuit court denied Ingram’s motion. Ingram appeals asserting that the circuit court erred in denying his motion and that there was a conflict between co-defendants which rendered counsel ineffective.
ANALYSIS
¶ 3. We address Ingram’s issues together as these issues are intertwined. Ingram asserts that his defense counsel was ineffective because he was indicted on separate charges and counsel could not properly and should not have represented his co-defendant, Chad Roderick. Specifically, Ingram takes issue with the fact that he received two separate five year sentences while Roderick received seven years, was ordered to pay full restitution, and complete the Regimented Inmate Discipline Program.
¶ 4. In order to prevail, Ingram must prove that his lawyer’s performance was deficient and he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). “This test ‘applies to challenges to guilty pleas based on ineffective assistance of counsel.’ ” Martin v. State, 749 So.2d 375 (¶ 6) (Miss.Ct.App.1999) (quoting Hill v. Lockhart, 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). Ingram must establish a prima facie case of ineffective assistance of counsel, in which he alleges with specificity and detail matters to show both that his counsel’s performance was deficient, and also that the deficient performance prejudiced him. Cole v. State, 666 So.2d 767, 777 (Miss.1995). There is a strong but rebuttable presumption that counsel’s conduct fell within the wide range of reasonable professional assistance. Moody v. State, 644 So.2d 451, 456 (Miss.1994). Accordingly, appellate review of counsel’s performance is “highly deferential.” Strickland, 466 U.S. at 689, 104 S.Ct. 2052.
¶ 5. The alleged deficiency here relates to whether a conflict arose when counsel arranged separate pleas for both clients at separate terms of court which resulted in two different sentences. Ingram makes no specific allegations, he just generally alleges that there must have been a conflict of interest because of the different sentences. He does not state what alleged conflict counsel had. He does not demonstrate how counsel would have represented him in a manner that was detrimental to his cause in order to greater assist Roderick. Ingram has failed to establish a prima facie case because he did not allege with specificity and detail matters to show that his counsel’s performance was deficient and he was prejudiced thereby. Cole, 666 So.2d at 777.
¶ 6. Notwithstanding, the record on appeal directly refutes Ingram’s contention. During the plea hearing, Ingram claimed primary responsibility for the automobile burglaries. Also, Ingram was charged with two counts of uttering forgery, for which the State entered orders of nolle prosequi, and the circuit court took those charges into consideration. On the other hand, Judge R.I. Prichard III found that Roderick testified that he drove the vehicle to the neighborhoods where the automobile burglaries were to take place, let Ingram out of the automobile, and picked him up when he had finished burglarizing the automobiles. Roderick had no other charges in addition to the automobile burglaries. Ingram has failed to show that *469 his counsel had a conflict of interest when he failed to get both his clients identical sentences. We agree with the circuit court that Ingram’s petition failed to state a claim entitling him to relief; we therefore affirm.
¶ 7. THE JUDGMENT OF THE LAMAR COUNTY CIRCUIT COURT OF DENIAL OF POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, MOORE, PAYNE, AND THOMAS, JJ., CONCUR. MYERS, J„ NOT PARTICIPATING.