THOMAS, J.,
for the Court:
¶ 1. Cleveland Thomas Logan appeals the denial of his motion for post-conviction relief. We find that his arguments are without merit, and thus we affirm.
FACTS
¶ 2. On October 3, 1995, Logan went to the home of Tim and Wanda Rogers. Logan rang the doorbell, but Wanda Rogers chose not to go to the door. A few minutes later, Wanda Rogers looked out the window and saw that Logan had taken a gas can with gas and a tool box that was filled with assorted tools to the front of her *972 house and was taking them to his vehicle. Wanda called to him and advised him to put them back and that she would call the police. He left the items and drove away. Officers found the vehicle matching the description given by Wanda Rogers shortly thereafter. The driver of the vehicle also fit the description given by Wanda Rogers. Wanda Rogers later identified Logan as the man who tried to take her property.
¶ 3. Logan was charged with two separate crimes, one of attempted grand larceny involving the Rogers’ property, and one of petit larceny, a charge involving the theft of property from a Bruce Whitehead. On October 29, 1996, Logan indicated that he wanted to plead guilty to the crime of attempted grand larceny. During the plea colloquy, the prosecution responded that the State would prove that Logan attempted to take and carry away a large Craftsman tool box, full of tools, and a gas can full of gas. The estimated value of the tools being approximately $300. The circuit court sentenced Logan to a term of five years suspended, restitution, and court costs. Logan failed to abide by the terms of his probation, which was subsequently revoked.
ANALYSIS
¶ 4. Logan filed a pro se handwritten brief with this Court, so the issues before this Court have not been framed by an advocate. The State takes great offense to Logan’s brief, making such statements as “in cases of this kind, the prisoner’s complaint is a semi-literate hodgepodge of complaints about his conviction,” “The prisoner then goes upon a long, rambling discourse,” and “we see no need to waste our time addressing” the issues. While this Court would have appreciated a more articulate statement of the claims by Logan, we likewise would have appreciated a more dignified response by the State. In the past, we have stressed the importance of affording a pro se litigant the opportunity to be heard by this Court. If a prisoner is seeking post-conviction relief and is proceeding pro se, in this Court’s discretion, we will “credit not so well pleaded allegations so that a prisoner’s meritorious complaint may not be lost because inartfully drafted.” Retherford v. State, 749 So.2d 269 (¶ 6) (Miss.Ct.App.1999) (quoting Ivy v. Merchant, 666 So.2d 445, 449 (Miss.1995)).
¶ 5. Logan argues that his attorney was ineffective because of improper hearsay in his preliminary hearing, unconstitutional search and arrest warrants, and unconstitutional identification procedures. All of these matters, essentially evidentia-ry in nature, were waived by Logan when he pled guilty. “[A] valid guilty plea operates as a waiver of all non-jurisdictional rights or defects which are incident to trial.” Anderson v. State, 577 So.2d 390, 391 (Miss.1991).
¶ 6. Logan also argues that the indictment was defective because it failed to make a definite showing of the value of the property in question. “A valid guilty plea ... operates as a waiver of all non-jurisdictional defects contained in an indictment against a defendant.” Fielder v. State, 749 So.2d 1248 (¶ 4) (Miss.Ct.App. 1999) (quoting Brooks v. State, 573 So.2d 1350, 1352 (Miss.1990)). In this case the indictment did in fact allege an attempted taking, stealing, and carrying away of over $250.
¶ 7. Logan further alleges ineffective assistance of counsel. The main impetus of Logan’s complaint is that his attorney failed to get an inventory of the items he was in the process of taking from the Roger’s property. He argues that there was no evidence that the property was worth more than $250, making it unclear whether his offense was attempted grand larceny or attempted petit larceny. Logan opines that due to his counsel’s failure to obtain an inventory, she was ineffective. Logan is required to show, in order to prevail on the issue of whether defense counsel’s performance was ineffective, “that counsel’s performance was deficient and that the defendant was prejudiced by counsel’s mistakes.” Martin v. State, 749 *973 So.2d 375 (¶ 6) (Miss.Ct.App.1999) (citing Strickland v. Washington, 466 U.S. 668, 687-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). “This test ‘applies to challenges to guilty pleas based on ineffective assistance of counsel.’ ” Martin, 749 So.2d at (¶ 6) (quoting Hill v. Lockhart, 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)).
¶ 8. Logan assumes a heavy burden in attempting to overcome the strong presumption that counsel performed effectively. Mississippi law creates a strong presumption “that trial counsel’s conduct is within the wide range of reasonable conduct and that decisions made by trial counsel are strategic.” Vielee v. State, 653 So.2d 920, 922 (Miss.1995). We must assume that the lawyer, unless shown otherwise, made a proper investigation.
¶ 9. We are not convinced that Logan has effectively shown that his trial counsel acted in a deficient manner. He essentially makes numerous assertions without any evidentiary support. During the plea colloquy, the prosecution clearly stated that the tools within the Craftsman toolbox were valued over $300. Logan’s contention that the State failed to prove the value of the articles taken is not supported by the evidence and absent a showing to the contrary, the Court must assume that the attorney has performed her duty. We affirm the circuit court’s finding that Logan’s petition failed to state a claim entitling him to relief.
¶10. THE JUDGMENT OF THE TATE COUNTY CIRCUIT COURT OF DENIAL OF POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO TATE COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MOORE, MYERS, AND PAYNE, JJ„ CONCUR.