852 So.2d 70 (2003)
Roger L. HENTZ, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-CP-01265-COA.
Court of Appeals of Mississippi.
February 25, 2003.
Rehearing Denied June 3, 2003.
*72 Roger L. Hentz (Pro se), attorney for appellant.
Office of the Attorney General by Charles W. Maris, attorney for appellee.
Before KING, P.J., BRIDGES and LEE, JJ.
KING, P.J., for the court:
¶ 1. Roger L. Hentz has appealed the denial of his petition for post-conviction collateral relief by the Panola County Circuit Court. On January 5, 1999, Hentz pled guilty to (1) a charge of conspiracy to manufacture a controlled substance, (2) a charge of manufacturing methamphetamine, and (3) a charge of possession of drug paraphernalia. He was sentenced, as an habitual offender, to serve a term of ten years on the conspiracy charge, ten years on the manufacturing charge, and six months on the paraphernalia possession charge, all of which were to be served concurrently without parole in the custody of the Mississippi Department of Corrections.
¶ 2. On December 6, 2000, Hentz filed a pro se petition for post-conviction collateral relief, which was dismissed without an evidentiary hearing by the trial court. On appeal, Hentz raises the following issues:
I. Whether his pleas of guilty were voluntary.
II. Whether his Fourth Amendment rights were violated.
III. Whether the indictment was defective.
IV. Whether he received effective assistance of counsel.
V. Whether the trial court erred by not considering Hentz's amended supplemental brief prior to dismissing his motion for post-conviction collateral relief without an evidentiary hearing.

FACTS
¶ 3. In October 1998, Hentz was indicted on a charge of conspiracy to manufacture a controlled substance, a charge of manufacturing methamphetamine, and a charge of possession of drug paraphernalia, as an habitual offender. Hentz entered an "open plea" of guilty to these charges.
¶ 4. At the plea hearing, Hentz was represented by appointed counsel. The trial judge questioned Hentz to determine whether his pleas of guilty were knowingly and voluntarily made. Hentz testified that he understood the nature of the charges and was guilty of the crimes. The trial judge asked Hentz if he understood that by entering an "open plea," the trial judge would, after hearing the evidence presented by both sides, make the decision to *73 impose a sentence within the minimum and maximum penalties provided by law. Hentz stated that he understood this.
¶ 5. The trial judge also asked Hentz if anyone had threatened him or promised him anything in regard to his pleas of guilty. Hentz testified that he had not been threatened or promised anything. The trial judge then questioned Hentz to determine if he was satisfied with his attorney's services. Hentz responded affirmatively. The trial judge asked Hentz if anyone tried to tell him how to answer the questions in order to get the court to accept his guilty pleas. Hentz indicated that he had not been advised to answer the questions in a certain way to gain the court's acceptance of his pleas of guilty.
¶ 6. Based upon Hentz's responses, the trial judge determined that he understood the nature of the charges against him, the nature and consequences of his pleas of guilty, and the maximum and minimum sentences required by law. Accordingly, the court found Hentz's pleas of guilty to be freely, voluntarily, and knowingly made.
¶ 7. On December 6, 2000, Hentz filed a petition for post-conviction collateral relief. On February 7, 2001, the court granted Hentz's motion to file an amended petition and supplemental brief. By order dated July 27, 2001, the trial court denied Hentz's petition and found the claims to be without merit.

ISSUES AND ANALYSIS

I.

Whether his pleas of guilty were voluntary.
¶ 8. Hentz contends that his guilty pleas were "involuntarily and unintelligently made due to the unlawful coersion [sic] and threats made by his appointed counsel, D.A.'s office and law enforcement."
¶ 9. Rule 8.04(A)(3) of the Uniform Circuit and County Court Rules states:
3. Voluntariness. Before the trial court may accept a plea of guilty, the court must determine that the plea is voluntarily and intelligently made and that there is a factual basis for the plea. A plea of guilty is not voluntary if induced by fear, violence, deception, or improper inducements. A showing that the plea of guilty was voluntarily and intelligently made must appear in the record.
¶ 10. In an effort to ascertain whether Hentz's pleas were voluntary, the trial judge asked him the following questions:
Q. Now, in paragraph 10(b) it sets out an open plea, that there is no plea agreement between you and the State as to what the appropriate sentence should be, no recommendation.
So if I do accept your pleas, then I'll at some point, whether it be now or later, I'll hear evidence from the State. I'll hear evidence in your behalf. And then I'll just have to make a decision within the minimum or maximum penalty as provided by law. Do you understand that?
A. Yes, sir.
Q. All right. With all that in mind, then I need to make certain if there's been any promise made to you, any effort to promise you that the Court would give you any specific sentence for less than the maximum penalty provided by law?
A. No.
Q. Has anybody promised you mercy or leniency, that I'd go light on you just because you pleaded guilty?
A. No, sir.
Q. Has anybody promised you anything specifically in return for your pleas of guilty?

*74 A. No, sir.
Q. Has anybody threatened you, coerced you, intimidated you, or done anything in an effort to force you to plead guilty against your wishes?
A. No, sir.
¶ 11. After the trial court accepted his pleas of guilty and had begun to pronounce sentence, Hentz objected, claiming that he had "a different understanding with [his] attorney." Hentz contends that he thought the sentence would be six years if he pled guilty. Hentz's attorney contradicted this, and stated Hentz was told that it was an "open plea." After consultation with his attorney, Hentz stated that his attorney "felt like" he would not receive more than six years. Hentz also stated, "I felt like if I didn't get the six, I wouldn't get no more [sic] eight, Your Honor." Upon finding out what his sentence would be, Hentz suddenly claimed to have misunderstood the plea and potential sentence. However, in subsequent testimony, Hentz recanted and indicated he had not misunderstood the plea, but had rather hoped that he would get a six year sentence or at most eight years.
¶ 12. The trial court determined that no promises had been made to Hentz. That finding is supported by substantial credible evidence in the record. Where the decision of the trial court is supported by substantial credible evidence, this Court is obligated to affirm. Price v. State, 752 So.2d 1070(¶ 9) (Miss.Ct.App.1999).
¶ 13. There is one aspect of this process which troubles this Court. According to the transcript, Hentz's attorney asked the sheriff to talk to Hentz about a potential plea. This conversation occurred with only Hentz and the sheriff present. The sheriff is by definition a part of the prosecution team. King v. State, 656 So.2d 1168, 1176 (Miss.1995). This appears at best to be highly questionable, and at worst a possible effort by defendant's counsel to enlist the aid of the sheriff in getting Hentz to enter a plea. While this Court is most uncomfortable with this conduct, we note that Hentz's testimony established this as a non-prejudicial conversation between the sheriff and Hentz. This Court wishes to again note that this is highly questionable, and will not always be found to be harmless.

II.

Whether his Fourth Amendment rights were violated.
¶ 14. Hentz contends that his Fourth Amendment rights were violated on August 25, 1998, when he was unlawfully stopped and searched on his private property in his vehicle, then arrested. He also asserts that information from his medical records was unlawfully obtained. A valid guilty plea operates as a waiver of all non-jurisdictional rights or defects which are incident to trial. Logan v. State, 771 So.2d 970(¶ 5) (Miss.Ct.App.2000). Accordingly, Hentz waived these rights when he pled guilty. Matthews v. State, 761 So.2d 931 (¶¶ 11-12) (Miss.Ct.App.2000). Having determined that his guilty pleas were properly entered and accepted, we find that this issue lacks merit.

III.

Whether the indictment was defective.
¶ 15. Hentz contends that the multi-count indictment was defective "in the elements and sufficiency to allow the trial court to have legal jurisdiction to convict and sentence him," and that the trial court lacked all subject matter jurisdiction due to the defective indictment.
"A guilty plea operates to waive the defendant's privilege against self-incrimination, the right to confront and cross-examine the prosecution's witnesses, the *75 right to a jury trial and the right that the prosecution prove each element of the offense beyond a reasonable doubt." Jefferson v. State, 556 So.2d 1016, 1019 (Miss.1989). There are two exceptions to the general rule. A guilty plea does not waive the defendant's right to assert that the indictment fails to charge an essential element of the crime, nor does it waive subject matter jurisdiction. Jefferson, 556 So.2d at 1019.
Matlock v. State, 732 So.2d 168(¶ 9) (Miss. 1999).
¶ 16. The indictment read as follows:

COUNT 1
That ROGER LYNN HENTZ and GARY SMITH, Late of the District and County aforesaid, on or about the 25th day of August, in the year of our Lord, 1998, in the District, County and State aforesaid, and within the jurisdiction of this Court, did unlawfully, wilfully, feloniously, corruptly agree, conspire and confederate, each with the other and with divers others to the Grand Jury unknown, to commit a crime, to-wit: Manufacture a Controlled Substance, in direct violation of Section 97-1-1(a), Mississippi Code 1972 Annotated, as amended, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Mississippi.

COUNT 2
That ROGER LYNN HENTZ and GARY SMITH, Late of the District and County aforesaid, on or about the 25th day of August, in the year of our Lord, 1998, in the District, County and State aforesaid, and within the jurisdiction of this Court, did unlawfully, wilfully, feloniously, knowingly and intentionally manufacture a controlled substance, to-wit: Methamphetamine, in direct violation of Section 41-29-139(a)(1), Mississippi Code 1972 Annotated, as amended, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Mississippi.

COUNT 3
That ROGER LYNN HENTZ and GARY SMITH, Late of the District and County aforesaid, on or about the 25th day of August, in the year of our Lord, 1998, in the District, County and State aforesaid, and within the jurisdiction of this Court, did unlawfully, wilfully, feloniously, possess with intent to use paraphernalia to convert, produce, process, prepare, inject, ingest, inhale or otherwise introduce into the human body a controlled substance, in violation of the Uniform Controlled Substances Law, and in direct violation of Section 41-29-139(d)(1), Mississippi code 1972 Annotated, as amended, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Mississippi.

COUNT 4
In Counts 1 through 3 ROGER LYNN HENTZ is charged as a 99-19-81 Offender because:
1.) ROGER LYNN HENTZ was convicted in Yalobusha County, Second Judicial District, in Cause Number 3627 on 03-09-81 of Grand Larceny and sentenced to serve a term of one (1) year;
2.) ROGER LYNN HENTZ was convicted in Tallahatchie County, First Judicial District, in Cause Number 4470 on 03-09-81 of Grand Larceny and sentenced to serve a term of one (1) year;
3.) ROGER LYNN HENTZ was convicted in Panola County, Second Judicial District, in Cause Number 3588 on 05-24-83 of Receiving Stolen Property and sentenced to serve a term of five (5) years;
4.) ROGER LYNN HENTZ was convicted in Panola County, Second Judicial *76 District, in Cause Number 3853 on 10-22-86 of Grand Larceny and sentenced to serve a term of five (5) years;
5.) ROGER LYNN HENTZ was convicted in Panola County, Second Judicial District, in Cause Number 3855 on 10-22-86 of Grand Larceny and sentenced to serve a term of five (5) years; and
6.) ROGER LYNN HENTZ was convicted in Panola County, Second Judicial District, in Cause Number 3878 on 10-22-86 of Grand Larceny and sentenced to serve a term of five (5) years;
in direct violation of Section 99-19-81, Mississippi Code Annotated, as amended, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Mississippi.
¶ 17. Hentz claims that the sentence enhancement portion of the indictment is defective because it is included as a separate count, rather than being included in the actual charging language and appearing prior to the phrase "against the peace and dignity of the State of Mississippi." However, Hentz failed to raise this issue before entering his guilty pleas, thereby waiving possible complaints of a defective indictment. Foster v. State, 716 So.2d 538(¶ 5) (Miss.1998); Miss.Code Ann. Section 99-39-21(1) (Rev.2000).[1] Notwithstanding this Court's finding of waiver, we hold that the indictment met the requirements of URCCC 7.06[2] and is therefore considered a valid indictment.
¶ 18. While inartfully drafted, it is clear that the State intended to, and did incorporate the enhancement language into each of the three actual charging sections, and in so doing, properly concluded the indictment with the language "against the peace and dignity of the State of Mississippi."
¶ 19. This Court finds that Hentz entered valid guilty pleas which were properly accepted by the trial court. Therefore, Hentz's claim of defective indictment lacks merit.

IV.

Whether he received effective assistance of counsel.
¶ 20. Hentz contends that he was denied effective assistance of counsel because *77 of numerous errors committed by his attorney. Hentz's allegations include: (1) that his attorney failed to conduct an independent pretrial investigation, (2) that his attorney failed to file motions to suppress the unlawfully seized evidence, (3) that his attorney conspired with assistant district attorney Kelly to have his bond revoked if he continued to pressure his attorney to investigate the case, (4) that his attorney failed to prepare for the eventually filed suppression motions by subpoenaing critical witnesses, (5) that his attorney failed to file certain motions to dismiss his defective indictment, or to demur, (6) that his attorney threatened him with fifty and one-half years if he did not agree to plead guilty, (7) that his attorney refused to withdraw so Hentz could hire an attorney to represent his cause, and (8) that his attorney misinformed him regarding the sentence he would receive.
¶ 21. To prove a claim of ineffective assistance of counsel, Hentz must show (1) a deficiency of counsel's performance which is (2) sufficient to constitute prejudice to the defense. Walker v. State, 703 So.2d 266(¶ 8) (Miss.1997). Claims by the petitioner, even if supported by affidavit, that are contradicted by the record of the plea acceptance hearing may be disregarded by the trial court. McCuiston v. State, 758 So.2d 1082(¶ 9) (Miss.Ct.App. 2000).
¶ 22. Hentz was asked by the trial judge whether he was satisfied with the way his attorney represented him. Hentz responded affirmatively. The trial judge asked Hentz whether he had any complaints against his attorney or against the trial court? Again, Hentz indicated that he had no complaints. Those responses were matters of record, stated under oath. This Court is entitled to rely upon the sworn testimony first given by Hentz. Rogers v. State, 811 So.2d 367(¶ 11) (Miss.Ct.App.2001).
¶ 23. In now seeking to repudiate that testimony, Hentz bears the burden of establishing by convincing evidence its factual failing. Brown v. State, 798 So.2d 481(¶ 14) (Miss.2001). He has not done so. Therefore, this Court finds no merit in this issue.

V.
Whether the trial court erred by not considering Hentz's amended supplemental brief prior to dismissing his motion for post-conviction collateral relief without an evidentiary hearing.
¶ 24. Hentz asserts that the trial court erred when it failed to consider the merits of his supplemental legal brief on January 31, 2001, and failed to grant an evidentiary hearing. Miss.Code Ann. Section 99-39-11 (Rev.2000) of the Post-Conviction Relief Act provides that if after thorough review of the record the Court is convinced that the petition for post-conviction relief is lacking in merit, no evidentiary hearing will be required.
¶ 25. In his opinion, the trial judge stated that he conducted a thorough review of the court files, including the transcript of the plea and sentencing hearing, which rendered it undeniably clear that Hentz's post-conviction relief request was without merit and thus no evidentiary hearing was required. That finding is supported by substantial credible evidence contained within the record. Therefore, we find that Hentz's request for post-conviction relief was properly dismissed and find no error by the trial court on this issue.
¶ 26. THE JUDGMENT OF THE PANOLA COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF WITH PREJUDICE IS AFFIRMED. *78 ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR. SOUTHWICK, P.J., CONCURS IN RESULT ONLY.
NOTES
[1] Mississippi Code Annotated Section 99-39-21(1) (Rev.2000), Waiver; defenses; res judicata; burden of proof, provides: (1) Failure by a prisoner to raise objections, defenses, claims, questions, issues or errors either in fact or law which were capable of determination at trial and/or on direct appeal, regardless of whether such are based on the laws and the Constitution of the state of Mississippi or of the United States, shall constitute a waiver thereof and shall be procedurally barred, but the court may upon a showing of cause and actual prejudice grant relief from the waiver.
[2] URCCC 7.06 Indictments provides: The indictment upon which the defendant is to be tried shall be a plain, concise and definite written statement of the essential facts constituting the offense charged and shall fully notify the defendant of the nature and cause of the accusation. Formal and technical words are not necessary in an indictment, if the offense can be substantially described without them. An indictment shall also include the following:

1. The name of the accused;
2. The date on which the indictment was filed in court;
3. A statement that the prosecution is brought in the name and by the authority of the State of Mississippi;
4. The county and judicial district in which the indictment is brought;
5. The date and, if applicable, the time at which the offense was alleged to have been committed. Failure to state the correct date shall not render the indictment insufficient;
6. The signature of the foreman of the grand jury issuing it; and
7. The words "against the peace and dignity of the state."
The court on motion of the defendant may strike from the indictment any surplusage, including unnecessary allegations or aliases.