GRIFFIS, J.,
for the Court.
¶ 1.' On August 1, 2000, Raymond Hughes pled guilty to conspiracy to possess marijuana with intent to distribute. Upon acceptance of his plea, Hughes was sentenced to a term of five years with three years suspended and two years to serve, with three years post-release supervision.
¶ 2. On May 16, 2003, Hughes filed a motion for post-conviction relief in the Circuit Court of Lafayette County, which was denied. Hughes now perfects his appeal.
FACTS
¶ 3. In August of 1995, Hughes was arrested for conspiracy to possess marijuana with intent to distribute. The record does not reveal the date of his arraignment on that charge. On September 30,- 1996, Hughes filed a demand for a speedy trial based on Mississippi Code Annotated Section 99-17-1 (Rev.2000). At that time, however, Hughes had not yet been indicted.
¶ 4. On May 23, 1997, Hughes was indicted for conspiracy to possess marijuana with intent to distribute. Hughes’ case was set for trial on July 20, 1999. Trial was not held at that time, and his case was then reset for January 5, 2000. Once again, there was no trial. On August 1, 2000, Hughes pled guilty to the conspiracy charge.
¶ 5: The court sentenced Hughes to serve a term of five years with three years suspended and two years to serve in the custody of the Mississippi Department of Corrections. Hughes was also sentenced to three years of post-release supervision. Although Hughes had several prior convictions, through a plea bargain; Hughes was not sentenced as an habitual offender. The récord reflects that Hughes served only a few months of his sentence and was then placed on post-release supervision. Hughes is currently incarcerated for violating the terms of that post-release supervision.
¶ 6. Hughes now appeals to this court asserting that: (1) he was denied the effective assistance of counsel, (2) the trial court erred in accepting his guilty plea, and (3) he was denied the minimum due process required in the revocation of his post-release supervision.
STANDARD OF REVIEW
¶ 7. In reviewing a trial court’s decision to deny a motion for post-conviction relief the standard of review is clear. The trial court’s denial will not be reversed absent'a finding that the trial court’s decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(¶ 3) (Miss.Ct. App.2002).
*1276 ANALYSIS

I. Whether Hughes was denied the effective assistance of counsel.

¶8. Hughes asserts that he was denied the effective assistance of counsel because his attorney failed to investigate his case and failed to file motions to dismiss on the grounds of due process and speedy trial violations.
¶ 9. To prevail on his ineffective assistance of counsel claim, Hughes must demonstrate that his counsel’s performance was deficient and that this deficiency prejudiced him in such a way that he was denied a fair trial. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The counsel’s deficiency is assessed by looking at the totality of the circumstances. Hiter v. State, 660 So.2d 961, 965 (Miss.1995). We, as an appellate court, apply “a strong presumption that counsel’s conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.” Burns v. State, 813 So.2d 668, 673 (¶ 14) (Miss.2001).
¶ 10. Hughes signed a guilty plea petition. The petition clearly informed Hughes that, by pleading guilty, he waived his right to a speedy trial. The petition also indicated that Hughes was satisfied with the representation of his counsel. Furthermore, Hughes had previously pled guilty to other felonies and there was reasonable evidence to indicate that he understood the plea procedure.
¶ 11. Therefore, we find this issue to be without merit.

II. Whether the trial court erred in accepting Hughes’ guilty plea.

¶ 12. Hughes next asserts that the trial court erred in accepting his guilty plea because it was not voluntarily and intelligently entered. Hughes claims that he did not understand the nature and elements of the charge against him and that the elements were not fully explained to him by his attorney or the trial judge.
¶ 13. For a guilty plea to be accepted on the record as voluntarily and intelligently entered, a defendant must be advised of and understand the nature of the charge against him and the consequences of his plea. Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992). Specifically, the defendant must be told that a guilty plea involves a waiver of the right to a trial by jury, the right to confront adverse witnesses, and the right to protection against self-incrimination. Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Rule 8.04(A)(4)(b) of the Uniform Rules of Circuit and County Court Practice additionally requires that the trial judge inquire and determine that the accused understands the maximum and minimum penalties to which he may be sentenced. If these requirements are met,- a guilty plea is deemed to have been voluntarily and intelligently entered. Hentz v. State, 852 So.2d 70, 73(¶ 6) (Miss.Ct.App.2003).
¶ 14. Here, there is sufficient evidence in the record to find that Hughes’ plea was voluntarily and intelligently entered. Hughes testified that he was guilty of conspiring with Gary and Angela McDonald to commit the crime of possession of marijuana-with the intent to sell or distribute. The trial judge asked Hughes, “Tell me enough about what you did so that I will know that you know what you are pleading guilty to.” Hughes responded, “I -got the marijuana from them and gave it to another man-or sold it to another man.” The record also reflects that Hughes was informed of and said he understood the constitutional, rights he was waiving by plead *1277 ing guilty and the maximum and minimum sentences for his crime. Therefore, we find that the trial court did not err in accepting Hughes’ guilty plea.

III. Whether Hughes was denied, the minimum due process required in the revocation of his post-release supervision.

¶ 15. Hughes asserts that his due process rights were violated in the revocation of his post-release supervision because he was denied a preliminary hearing and a final revocation hearing. Hughes also denies having waived his right to a preliminary hearing.
¶ 16. The record indicates that Hughes signed a “waiver of notice of revocation hearing,” on November 26, 2002. In the waiver, Hughes admitted that he understood the allegations and that he was prepared for a hearing on the allegations without any additional notice.
¶ 17. Hughes was also given notice of the terms of his post-release supervision. A copy of the terms and conditions of his post-release supervision was attached to his sentencing order, and he was advised during the sentencing phase of his trial that any violation of the conditions, including testing positive for illegal drug use, would result in his serving the full five year sentence.
¶ 18. On December 13, 2002, a revocation hearing was held. During the hearing, Hughes admitted that he tested positive for marijuana and cocaine use when he was arrested for a traffic violation in Georgia. Hughes acknowledged that this was in violation of the terms of his post-release supervision. After questioning Hughes, the court ordered Hughes to serve in the custody of the Mississippi Department of Corrections the three years for which he had been placed on post-release supervision.
¶ 19. In Godsey v. Houston, 584 So.2d 389, 393 (Miss.1991), the court found no violation of due process rights where there was evidence of notice and/or waiver of hearing and an admission of violation of post-release supervision. Therefore, we find that Hughes was not denied his due process rights in the revocation of his post-release supervision.
¶ 20. THE JUDGEMENT OF THE CIRCUIT COURT OF LAFAYETTE COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO LAFAYETTE COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER AND BARNES, JJ. CONCUR.