# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CP-00383-COA

**THOMAS LEE JILES**                                                                       **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                                    **APPELLEE**

DATE OF JUDGMENT:              03/09/2023
TRIAL JUDGE:                   HON. M. JAMES CHANEY JR.
COURT FROM WHICH APPEALED:     WARREN COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:        THOMAS LEE JILES (PRO SE)
ATTORNEY FOR APPELLEE:         OFFICE OF THE ATTORNEY GENERAL
                               BY: SCOTT STUART
NATURE OF THE CASE:            CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                   AFFIRMED - 06/11/2024
MOTION FOR REHEARING FILED:

**BEFORE BARNES, C.J., WESTBROOKS AND EMFINGER, JJ.**

**BARNES, C.J., FOR THE COURT:**

¶1.     Thomas Lee Jiles, pro se, appeals the dismissal of several motions the Warren County Circuit Court treated as a motion for post-conviction relief (PCR). Finding no error, we affirm the dismissal.

## STATEMENT OF FACTS

¶2.     On April 10, 2019, Jiles pleaded guilty to the charge of armed robbery in the Warren County Circuit Court. The conviction stemmed from an April 15, 2018 incident when officers responded to St. Paul's Catholic Church in Vicksburg, Mississippi. When Father Thomas Lalor was leaving the church that evening, he was robbed at the church's back door by Jiles, who threatened to kill him with a large concrete brick unless Fr. Lalor gave Jiles

money. Fr. Lalor complied and gave Jiles $100 from his pocket. Jiles then fled. Earlier that day, Jiles had come to the church asking for money. The church secretary had given Jiles fifty dollars and paid for a local hotel room for the night. Jiles came back later that afternoon asking for more money, but Fr. Lalor refused. Jiles then returned to the church later that evening and robbed Fr. Lalor.

¶3.    A municipal court judge issued a bench warrant for Jiles's arrest a couple of days after the armed robbery. At the time, Jiles was on parole from a prior conviction for uttering a forgery in another jurisdiction.[1] Jiles's parole was subsequently revoked. He was initially confined in the Warren County jail for five weeks (from April 17, 2018, until May 23, 2018) after which he was transferred to the custody of the Mississippi Department of Corrections (MDOC).

¶4.    On January 30, 2019, Jiles was indicted for armed robbery in the Warren County Circuit Court. His first two court-appointed attorneys were allowed to withdraw from his case. Jiles's third court-appointed attorney represented him at an omnibus hearing in March 2019. According to the hearing's summary memorandum, trial was scheduled for April 15, 2019.

¶5.    On April 10, 2019, Jiles pleaded guilty to armed robbery. The plea hearing transcript

---

[1] Before Jiles had committed the armed robbery, in early April 2018, the Mississippi Department of Corrections had issued a warrant for Jiles's arrest due to failure to report to his parole officer. The warrant stated that Jiles had been sentenced to serve ten years in the custody of the Mississippi Department of Corrections for the crime of uttering forgery in Yazoo County, Mississippi. In April 2016, Jiles had been granted conditional parole.

showed that Jiles understood the charges against him, agreed that his attorney explained his rights, and admitted that he was satisfied with his representation. On April 23, 2019, the circuit court entered the judgment of conviction and sentenced Jiles to fifteen years in the custody of the MDOC, with ten years to serve and five years suspended followed by five years of post-release supervision.

¶6. Previously, Jiles has filed, and the circuit court has denied, two PCR motions related to this conviction. This Court affirmed the Warren County Circuit Court's denial of his first PCR motion, filed in 2020, in *Jiles v. State*, 341 So. 3d 988 (Miss. Ct. App. 2022). We found the circuit court properly dismissed his motion when it found the court was without "jurisdiction to review the revocation of Jiles's parole imposed on him by another county's circuit court." *Id.* at 989 (¶1). Further, the circuit court properly found Jiles's ineffective assistance of counsel claim was without merit because it was only supported by "his own declaration and the bare allegations of the motion itself." *Id.*

¶7. Approximately two months after this Court issued its opinion, Jiles filed what the circuit court interpreted as a second PCR motion, entitled "Motion to Resolve All 'Lawful' Unlawful Acts by Defendants" (the "Defendants" being those that "violated [his] rights" while he was confined at the Warren County jail following his arrest for armed robbery). Jiles raised many of the same issues found in his first PCR motion. Jiles complained that he was unlawfully held in custody for five weeks at the Warren County jail while awaiting transport to Yazoo County where the hearing on his parole revocation would later occur.

3

In September 2022, the circuit court dismissed Jiles's second PCR motion, explaining that since Jiles's grievances arose from his Yazoo County conviction and parole revocation, the Warren County Circuit Court lacked jurisdiction over them. Further, the circuit court found his PCR motion was barred as successive. Jiles did not appeal this ruling.

¶8. In December 2022, Jiles filed the several motions that are the subject of the instant appeal: his "Motion for Reconsideration for All Reason," "Motion for Recusal of Judges/Motion of Review," "Motion for Recusal of Judges," and letter-motion "Notice to the Honorable James Chaney." In each motion, Jiles made similar arguments, again arguing that his constitutional rights were violated and his subsequent confinement in the Warren County jail was illegal. Additionally, he requested that Warren County Circuit Court Judge James Chaney Jr. recuse himself from the case. The circuit court considered these motions as Jiles's third request for post-conviction relief.

¶9. On March 9, 2023, the circuit court dismissed these motions, finding them successive and now time-barred with no applicable exceptions to the time-bar.[2] Aggrieved, Jiles appealed.[3]

---

[2] In addition to Jiles's PCR motions, he has filed numerous other motions in the circuit court, this Court, and the Mississippi Supreme Court, consistently making similar arguments to those found in his PCR motions, including these: he was arrested and unlawfully detained without due process of law, he was denied a bail hearing, he was denied the right to counsel, his plea counsel was ineffective, and his right to a speedy trial was violated.

[3] We note the initial record submitted to this Court in June 2023 contained only the circuit clerk's docket entries, the circuit court's judgment, and Jiles's notice of appeal; the record did not contain the four documents that were considered Jiles's PCR motion. *See*

**STANDARD OF REVIEW**

¶10.    "When reviewing a trial court's denial or dismissal of a PCR [motion], we will only disturb the trial court's factual findings if they are clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review." *Hall v. State*, 370 So. 3d 214, 216 (¶6) (Miss. Ct. App. 2023) (quoting *Cuevas v. State*, 304 So. 3d 1163, 1167 (¶19) (Miss. Ct. App. 2020)).

**ANALYSIS**

### I.    Statutory Bars

¶11.    The circuit court found Jiles's PCR motion barred as successive and by time. Any order denying or dismissing a PCR motion bars a second or successive motion. Miss. Code Ann. § 99-39-23(6) (Rev. 2020). This is Jiles's third attempt at post-conviction collateral relief; therefore, the circuit court properly found his motions barred as successive.[4] Further, the movant bears the burden of showing by a preponderance of evidence that he has met one of the statutory exceptions to the successive-motions bar. *Williams v. State*, 110 So. 3d 840, 843 (¶13) (Miss. Ct. App. 2013) (citing *Robinson v. State*, 19 So. 3d 140, 143-44 (¶16) (Miss. Ct. App. 2009); Miss. Code Ann. § 99-39-23(6)). Jiles provided no evidence of such

---

M.R.C.P. 54(c) (stating records relied upon by trial court in post-conviction relief summary dismissal must be placed in PCR motion cause number's file). Because this Court must review the same materials as the circuit court, we found it necessary, under our own initiative, for the circuit clerk to supplement the record with the missing documents under Mississippi Rule of Appellate Procedure 10. In response, the circuit court sent Jiles's entire record on this charge for our review.

[4]    Jiles denies that he has filed two previous PCR motions.

an exception. Additionally, the claims made in this PCR motion were made in Jiles's first and second PCR motions. The doctrine of res judicata prevents the litigation of claims that were made during previous litigation. *Green v. State*, 362 So. 3d 1134, 1138 (¶10) (Miss. Ct. App. 2019) (citing *Stokes v. State*, 199 So. 3d 745, 749 (¶12) (Miss. Ct. App. 2016)).

¶12. Additionally, a PCR motion challenging a guilty plea must be filed within three years after the entry of the judgment of conviction. Miss. Code Ann. § 99-39-5(2) (Rev. 2020). Here, the judgment of conviction was filed on April 23, 2019. Three of the four documents the circuit court considered as his PCR motion were filed in December 2022, and the fourth letter-motion "notice" to the circuit court judge was filed in February 2023. Thus, none of these documents were filed within the three-year time limit. We agree with the circuit court that the motions are time-barred. Jiles claims in his reply brief that "all of his pleadings and petitions" were filed in a timely manner and excepted from the time-bar, but he is incorrect. Jiles does not show that any of the statutory exceptions to the time-bar apply.

¶13. Finally, Jiles argues that PCR claims involving fundamental constitutional rights, such as his, are excepted from the time-bar. However, the Mississippi Supreme Court has overruled the judicially created fundamental rights exception in *Howell v. State*, 358 So. 3d 613, 616 (¶12) (Miss. 2023). Thus, Jiles's argument to evade the time-bar fails.

## II. Claims

¶14. Jiles has repeatedly raised the same claims over the years in his various motions for

post-conviction relief.[5] Jiles argues there were numerous procedural violations starting when he was arrested for armed robbery while on parole for uttering a forgery in another jurisdiction. His complaints all stem from his alleged illegal detention for thirty-six days in the Warren County jail—from April 17, 2018, until May 23, 2018—after which Jiles was transferred to the custody of MDOC.

¶15. Jiles complains that he was denied an initial appearance, a preliminary hearing, the right to counsel, a bond hearing, and a speedy trial. However, Jiles pleaded guilty to armed robbery on April 10, 2019. "A valid guilty plea operates as a waiver of all non-jurisdictional rights or defects which are incident to trial." *Logan v. State*, 771 So. 2d 970, 972 (¶5) (Miss. Ct. App. 2000) (quoting *Anderson v. State*, 577 So. 2d 390, 391 (Miss. 1991)). Moreover, the plea petition that Jiles signed specifically states he waived certain rights, including the right to a speedy trial and assistance of counsel at all stages of the proceedings. Thus, all of these matters were waived when Jiles pleaded guilty.

¶16. Further, Jiles argues that his plea was involuntary and that his counsel was ineffective, claims that were not raised in the instant motions before the circuit court. "A petitioner who fails to raise an issue in his motion for post-conviction relief before the trial court may not raise that issue for the first time on appeal." *Stamps v. State*, 151 So. 3d 248, 255 (¶18) (Miss. Ct. App. 2014) (quoting *Fluker v. State*, 17 So. 3d 181, 183 (¶5) (Miss. Ct.

---

[5] Jiles claims that he is not challenging his parole revocation and subsequent confinement, as the March 2023 order states (and which was the basis of this Court's affirming the dismissal of Jiles's first PCR motion for lack of jurisdiction in *Jiles*).

App. 2009)).  Therefore, these claims are waived as well.

## CONCLUSION

¶17.   The circuit court did not err in dismissing Jiles's PCR motion as time-barred and successive.  No exceptions to the time-bar applied.  Jiles's remaining arguments are waived either because he pleaded guilty or did not raise them in his PCR motion before the circuit court.  Accordingly, we affirm the circuit court's order.

¶18.   **AFFIRMED.**

**CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**