799 So.2d 914 (2001)
James Earl SANDIFER, Appellant
v.
STATE of Mississippi, Appellee.
No. 2000-CP-01829-COA.
Court of Appeals of Mississippi.
November 6, 2001.
*915 James Earl Sandifer, Appellant Pro Se.
*916 Office of the Attorney General by Scott Stuart, for Appellee.
Before SOUTHWICK, P.J., LEE, and MYERS, JJ.
SOUTHWICK, P.J., for the Court.
¶ 1. James Earl Sandifer's petition for post-conviction relief was denied. On appeal, he argues that he received ineffective assistance of counsel, that his plea was involuntary, that he was improperly denied discovery, and that he was not informed of the waiver of constitutional rights that attends a plea of guilty. We find no error and affirm.

STATEMENT OF FACTS
¶ 2. James Earl Sandifer was indicted for the sale of cocaine. The sale had been recorded on videotape. On September 27, 1999, Sandifer pled guilty to the charge. He was sentenced to a term of twenty years with ten suspended and five years' probation.
¶ 3. On February 2, 2000, Sandier filed a request for a transcript of his hearing. The circuit court denied Sandifer's request, stating that Sandifer had demonstrated no specific need or good cause as to why the transcript was needed. Sandifer filed a motion for discovery on July 20, 2000. Shortly thereafter, Sandifer filed yet another motion, this time to be provided a record and transcript.
¶ 4. While these latter motions were pending, Sandifer, on August 3, 2000, filed a motion for post-conviction relief. He claimed ineffective assistance of counsel, an involuntary guilty plea, and the denial of his right to discovery. This last motion was denied on August 23, 2000. The same day Sandifer filed a "memorandum brief in support of motion for transcript" in which Sandifer claimed that he was not advised that he would waive certain constitutional rights by entering a plea of guilty. On September 11, 2000, Sandifer filed a notice of appeal.

DISCUSSION
¶ 5. A motion for post-conviction relief containing a statement of facts not within the personal knowledge of the prisoner "shall state how or by whom said facts will be proven" and attach affidavits of witnesses who will testify or the documents that will prove those facts. Miss.Code Ann. § 99-39-9(e) (Rev. 2000). The supreme court has held that a motion for post-conviction relief is properly dismissed where the prisoner's allegations are supported only by the prisoner's own affidavit. Smith v. State, 490 So.2d 860 (Miss.1986). The supreme court has also stated that when reviewing a pro se appeal, "the Court takes that fact into account so that meritorious complaints are not lost because inartfully drafted." Ford v. State, 708 So.2d 73, 76 (Miss.1998).
¶ 6. Although Sandifer's motion failed to contain any affidavits, other than his own, or documentation to support his allegations, this Court will briefly review each of Sandifer's claims to ensure that Sandifer has not been denied any fundamental rights.

1. Involuntary Plea
¶ 7. Sandifer claims that his attorney induced him to plead guilty by fear during a conversation at the guilty plea hearing. The trial court initially rejected Sandifer's guilty plea because Sandifer stated he only "pretended" to sell cocaine. Afterwards, the trial judge began to confer with Sandifer's attorney and the district attorney about setting the matter for trial. The trial judge stated that Sandifer's case had been set two or three times during the term of court and for trial at least once and Sandifer did not appear. The trial *917 judge then stated that "this case, of necessity, since Mr. Sandifer showed up today [Monday] on the 27th of September, this is the last day of the term-I mean last week of the term-well, I can try it tomorrow or Friday." Sandifer's attorney then requested that trial be set for Friday, stating "I have not seen him at all to do any trial preparation. I didn't expect the case to go to trial." The trial judge stated that the trial need not begin on Friday but would need to know from Sandifer's attorney by Thursday "whether you want to do it on Friday." The guilty plea hearing was temporarily concluded. Sandifer then conferred with his attorney and requested that the proceedings resume on the record. It is at this point that Sandifer pled guilty and admitted selling cocaine. Sandifer claims that it is during this off-the-record conversation with his attorney that his attorney coerced him through fear to plead guilty. Sandifer gives no indication as to the nature of the threats.
¶ 8. The supreme court has held that "where an affidavit is overwhelmingly belied by unimpeachable documentary evidence in the record such as, for example, a transcript or written statements of the affiant to the contrary to the extent that the court can conclude that the affidavit is a sham no hearing is required." Young v. State, 731 So.2d 1120, 1122-23 (Miss.1999). Sandifer stated in his petition to enter a guilty plea and before the trial court that his attorney had made no threats or promises of any kind to induce him to plead guilty and that his plea was given free of any coercive influence. Sandifer also stated in his petition that he was entering his plea freely and voluntarily. Additionally, Sandifer's attorney stated in a certificate of counsel that the plea was voluntarily and understandingly made, and Sandifer's attorney also stated at the plea hearing that there was no reason not to accept Sandifer's guilty plea.
¶ 9. Sandifer also claims that his attorney lied to him about the length of his sentence. Sandifer was sentenced to a term of twenty years with ten suspended. Sandifer claims that he pled guilty only because his attorney promised that he would be sentenced only to an eight year term. Again, Sandifer's claim is belied by his own sworn statements. Sandifer's guilty plea petition states that he was aware that the district attorney's recommendation to the trial court as to his sentence was twenty years with ten years suspended. The petition also stated that he understood that if he had been told by his attorney that he might receive probation or light sentence that any such statement was merely a prediction by his attorney and not binding on the trial court. Sandifer was also informed both in his petition and at the plea hearing that he might face a sentence of possibly thirty years and a possible sentence enhancement to sixty years.
¶ 10. At the guilty plea hearing, the trial court inquired as to whether there was a sentencing recommendation from the district attorney. The district attorney recommended a sentence of twenty years with ten suspended for five years plus the payment of a fine and court costs. The trial court asked Sandifer's attorney whether the sentence recommendation was what he understood would be made. Sandifer's attorney stated that it was. The trial court asked the same question of Sandifer. Sandifer responded that it was. Sandifer's pleadings and claims in his brief are in direct conflict with his petition to enter a plea of guilty and transcript of the guilty plea hearing and as such were properly dismissed.

*918 2. Ineffective Assistance of Counsel

¶ 11. Sandifer alleges that he received ineffective assistance of counsel because his attorney refused to mount a meaningful challenge to what Sandifer deemed to be a "shaky" case, did not care about Sandifer even though Sandifer requested a trial, had done little to prepare for trial, told Sandifer he would not help him defend himself, did not advise him of his constitutional rights, did not give Sandifer legal advice of any kind, violated attorney client privilege by conversing with Ricky Harmond, a friend of Sandifer's, about the status of Sandifer's case, and also threatened Harmond that if Harmond said anything about the conversation Sandifer's attorney would give all the information he had to the district attorney.
¶ 12. "To establish ineffective assistance of counsel, the client must prove that his counsel's performance was deficient and that the deficiency prejudiced the defense of the case." Sharp v. State, 786 So.2d 372, 382 (Miss.2001). "In order to prevail on an ineffective assistance of counsel claim, `the post-conviction applicant to this Court must demonstrate with specificity and detail the elements of the claim.'" Wiley v. State, 750 So.2d 1193, 1199 (Miss.1999).
¶ 13. A fundamental factual defect exists as to Sandifer's allegations. "When the record contains pleadings that are in direct conflict with the transcript derived from the guilty plea hearing, a petition for post-conviction relief is properly dismissed." Martin v. State, 749 So.2d 375, 378 (Miss.Ct.App.1999). As to most of Sandifer's claims, his sworn statements in both his petition to enter a guilty plea and before the trial court are to the contrary. Sandifer stated under oath that he was satisfied with the services of his attorney, that his attorney was fully informed as to the facts of his case, that his attorney had counseled and advised him as to the charge he was facing, that his attorney had thoroughly discussed all aspects of his case with him, and that he believed that his attorney had done all that anyone could do to counsel and assist him in his defense.
¶ 14. As to Sandifer's claims that his attorney violated attorney client privilege by speaking to Ricky Harmond, Sandifer failed to provide an affidavit from his attorney, from Ricky Harmond, or from anyone to support the claim. Sandifer's bare assertion of these facts, assuming such facts would even entitle Sandifer to any relief, is insufficient. "[A]s to those facts that may be the subject of legitimate dispute, the movant is required, by affidavit or otherwise, to demonstrate that there is, in actuality, competent evidence available tending to establish those facts that would entitle the movant to some form of relief." Simmons v. State, 784 So.2d 985, 988 (Miss.Ct.App.2001). By failing to include an affidavit from Harmond or anyone else, Sandifer has failed to demonstrate that there is competent evidence tending to establish the facts underlying his claim.

3. Discovery
¶ 15. Sandifer claims that the trial court erred in denying his motion for discovery under Uniform Rule of Circuit and County Court 9.04. Sandifer filed his motion for discovery after he pled guilty and was incarcerated. Rule 9.04 concerns pretrial discovery in criminal matters. Sandifer waived his right to a trial when he pled guilty. This discovery rule is irrelevant. Discovery in a post-conviction relief proceeding is governed by statute. Miss.Code Ann. § 99-39-15 (Rev. 2000). We find no basis for the trial court to have exercised his discretion to order discovery.

*919 4. Failure to Inform of Constitutional Rights

¶ 16. Sandifer's last assignment of error was that he was not informed that he would waive certain constitutional rights by pleading guilty. However, Sandifer's petition stated that he understood that if he did not plead guilty, he had the right to a speedy trial, the right to confront witnesses against him, the right to present witnesses on his own behalf, the right to counsel, and other such rights. At the guilty plea hearing, Sandifer's attorney stated that he explained each of the constitutional rights contained in the petition to Sandifer and explained that Sandifer would waive those rights by pleading guilty. The trial court then proceeded to question Sandifer about those same constitutional rights and whether Sandifer understood he would waive those rights by entering a plea of guilty.
¶ 17. There was no error in denying Sandifer's request for relief.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF ATTALA COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO ATTALA COUNTY.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER and BRANTLEY, JJ., concur.