901 So.2d 635 (2004)
Kevin HERROD, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2003-CP-01011-COA.
Court of Appeals of Mississippi.
April 6, 2004.
Kevin Herrod, appellant, pro se.
Office of the Attorney General by Jeffrey A. Klingfuss, attorney for appellee.
Before KING, P.J., THOMAS and MYERS, JJ.
MYERS, J., for the Court.
¶ 1. Kevin Herrod pled guilty to the sale of a controlled substance in the Circuit Court of Calhoun County and was sentenced to a term of fifteen years in the custody of the Mississippi Department of Corrections with seven years suspended. Herrod filed a motion for post-conviction relief which was denied. Aggrieved, Herrod raises the following issues on appeal:
I. WHETHER HIS GUILTY PLEA WAS INVOLUNTARY
II. WHETHER HE RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL

STATEMENT OF FACTS
¶ 2. Herrod was indicted by the Calhoun County grand jury for the sale of cocaine in violation of Mississippi Code Annotated *636 Section 41-29-139(a). Herrod initially pled not guilty but later filed a petition to enter a plea of guilty. A plea hearing was held and the trial judge accepted Herrod's guilty plea. The trial judge sentenced Herrod to a term of fifteen years with seven years suspended. The trial judge also ordered Herrod to undergo a mental evaluation.
¶ 3. Herrod collaterally attacked his conviction by filing a timely motion for post-conviction relief pursuant to Mississippi Code Annotated Section 99-39-5. Herrod argued that his guilty plea was involuntary and that he received ineffective assistance of counsel. The trial judge examined Herrod's motion along with the transcript of the court proceedings and the original criminal court record pursuant to Mississippi Code Annotated Section 99-39-11. The trial judge ruled that Herrod was not entitled to any relief.
¶ 4. Aggrieved by this result, Herrod filed a timely notice of appeal. Finding no error, however, we affirm the trial court's decision.

LEGAL ANALYSIS

I. WHETHER HIS GUILTY PLEA WAS INVOLUNTARY
¶ 5. A plea of guilty is not binding upon a criminal defendant unless it is entered voluntarily and intelligently. Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992). A plea is considered voluntary and intelligent only where the defendant is advised concerning the nature of the charge against him and the consequences of the plea. Wilson v. State, 577 So.2d 394, 396-97 (Miss.1991). "Specifically, the defendant must be told that a guilty plea involves a waiver of the right to a trial by jury, the right to confront adverse witnesses, and the right to protection against self-incrimination." Alexander, 605 So.2d at 1172. In addition, Rule 8.04 of the Uniform Circuit and County Court Rules requires that the accused understands the maximum and minimum penalties provided by law. At the same time, however, the burden of proving that a guilty plea was not voluntarily made is on the defendant, and if this burden is not met, the defendant's plea must be upheld as one that was made voluntarily, knowingly and intelligently. Fields v. State, 840 So.2d 796, 798(¶ 4) (Miss.Ct.App.2003). Finally, it should be noted that "solemn declarations in open court carry a strong presumption of veracity." Id.
¶ 6. Herrod argues that his guilty plea was involuntary because of his diminished mental capacity and because of ineffective assistance of counsel. In other words, Herrod argues that since he has a severe learning disability, he was coached into entering a guilty plea. We disagree, finding that the evidence in the record including the plea hearing transcript is at complete odds with Herrod's claim.
¶ 7. Herrod was advised as to the nature of the charge and its consequences. Herrod was also advised of the rights he would be waiving by entering a plea of guilty as well as the maximum and minimum sentences provided by law.
¶ 8. Herrod was specifically asked about his alleged mental condition and whether it would prevent him from understanding the consequences of entering a plea of guilty. Herrod stated on the record that his mental condition would not affect his decision to enter a plea of guilty. In fact, Herrod stated that he was not coerced, and that he entered his plea because he was guilty and for no other reason.
¶ 9. Moreover, the trial judge made specific findings of fact as Herrod's age, education, and competency. The trial judge stated on the record that Herrod was nineteen *637 years old at the time and had completed twelve years of school. The trial judge also stated on the record that "the [c]ourt is of the opinion that [Herrod] [is] capable and competent, not under any legal disability or doesn't suffer any legal limitation as far as the entry of a plea of guilty is concerned."
¶ 10. We find that the lower court was correct in accepting Herrod's guilty plea. Because of the ample evidence in the record, we are convinced that Herrod entered his plea voluntarily, knowingly, and intelligently. As a result, it must be upheld.

II. WHETHER HE RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL
¶ 11. To establish a claim of ineffective assistance of counsel, the client must prove that his counsel's performance was deficient and that the deficiency prejudiced the defense of the case. Sharp v. State, 786 So.2d 372, 382 (¶ 24) (Miss.2001). In order to prevail, the post-conviction applicant must demonstrate with specificity and detail the elements of the claim. Sandifer v. State, 799 So.2d 914, 919 (¶ 12) (Miss.Ct.App.2001).
¶ 12. Herrod argues that he received ineffective assistance of counsel because his attorney "failed to subject the State's case to a meaningful adversarial setting," failed to investigate all of the information relating to his innocence, failed to ensure that he completely understood the plea, and failed to secure the proper medical authorities to examine him. We disagree because a "fundamental factual defect exists" as to Herrod's allegations. Id. at (¶ 13). This Court has held that "[w]hen the record contains pleadings that are in direct conflict with the transcript derived from the guilty plea hearing, a petition for post-conviction relief is properly dismissed." Martin v. State, 749 So.2d 375, 378(¶ 9) (Miss.Ct.App.1999).
¶ 13. All of Herrod's claims are contradicted both by his sworn statements given in his petition to enter a guilty plea and in front of the trial court at the plea hearing. Herrod stated that he disclosed all information relating to the crime to his attorney and that his attorney advised Herrod of all possible defenses. Moreover, as noted above, Herrod testified under oath that he fully understood the consequences of his plea and was doing so because he was guilty and for no other reason. Any claim of innocence in this instance simply cannot survive.
¶ 14. All of Herrod's allegations pertaining to ineffective assistance of counsel are either unsupported or contradicted by the record. We find that Herrod received effective assistance of counsel. As a result, we affirm the decision of the lower court in denying post-conviction relief.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF CALHOUN COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, CHANDLER AND GRIFFIS, JJ., CONCUR.