955 So.2d 962 (2007)
Johnny P. NICHOLS, Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-CA-00111-COA.
Court of Appeals of Mississippi.
May 1, 2007.
*964 William C. Stennett, attorney for appellant.
Office of The Attorney General by W. Glenn Watts, attorney for appellee.
Before KING, C.J., IRVING and ROBERTS, JJ.
ROBERTS, J., for the Court.
¶ 1. Nichols's appeal stems from a summary dismissal of his motion for post-conviction relief by the Circuit Court of Itawamba County. Unsatisfied with the trial court's disposition, Nichols now appeals and raises the following issues, listed verbatim:
I. WHETHER THE APPELLANT ENTERED HIS PLEA UNKNOWINGLY AND UNINTELLIGENTLY AND WHETHER THE COURT SHOULD ALLOW THE APPELLANT TO WITHDRAW HIS PLEA.
II. WHETHER THE APPELLANT WAS COMPETENT TO STAND TRIAL.
III. WHETHER THE APPELLANT WAS AFFORDED EFFECTIVE COUNSEL AS GUARANTEED BY THE SIXTH AMENDMENT TO THE CONSTITUTION.
IV. WHETHER THE TRIAL COURT ERRED BY PERMITTING THE STATE TO AMEND THE INDICTMENT.
Finding no error, we affirm.

FACTS AND PROCEDURAL HISTORY
¶ 2. Nichols was indicted for kidnaping and attempted sexual battery by the Lee County grand jury. On January 28, 2003, Nichols was tried upon a separate indictment issued by the grand jury in Itawamba County alleging aggravated assault and a jury subsequently found him guilty. Prior to proceeding to trial on the Lee County indictment, Nichols plead guilty to both Lee County counts in the Circuit Court of Itawamba County. In line with the State's recommendation, Nichols was sentenced to thirty years in the custody of the Mississippi Department of Corrections, ten years suspended, leaving twenty to serve for each count of the Lee County indictment, each sentence to run concurrently. At this time Nichols was also sentenced on his conviction of aggravated assault to twenty years in the custody of the Mississippi Department of Corrections, said sentence to run concurrently with the sentences imposed on count one and count two of the Lee County cause.
*965 ¶ 3. On December 5, 2005, Nichols filed a motion for post-conviction relief alleging the same issues brought before this Court, save for issue IV. The trial court found Nichols's motion without merit, and denied relief in an order filed December 13, 2005. From this order, Nichols appealed.

ANALYSIS
¶ 4. In reviewing a trial court's denial of post-conviction relief, our standard of review is well settled. We will not disturb the trial court's factual findings unless they are found to be clearly erroneous. However, where questions of law are raised the applicable standard of review is de novo. Pace v. State, 770 So.2d 1052(¶ 4) (Miss.Ct.App.2000).
I. WHETHER THE APPELLANT ENTERED HIS PLEA UNKNOWINGLY AND UNINTELLIGENTLY AND WHETHER THE COURT SHOULD ALLOW THE APPELLANT TO WITHDRAW HIS PLEA.
¶ 5. Nichols argues that as a result of his alleged diminished mental capacity his guilty plea was not knowingly and voluntarily given. Nichols cites United States v. Carr, 740 F.2d 339 (5th Cir.1984) for the proposition that his guilty plea should be withdrawn. However, as this Court recently stated in Vandergriff v. State, 920 So.2d 486(¶ 9) (Miss Ct.App. 2006), Carr is not applicable to a review of the sufficiency of a guilty plea in this state. The State counters that Nichols's guilty pleas were voluntarily and intelligently entered. Following a review of Nichols's plea hearing, we agree with the State.
¶ 6. In order for a plea of guilty to be binding upon a defendant it must have been voluntarily and intelligently entered. Herrod v. State, 901 So.2d 635(¶ 5) (Miss.Ct.App.2004). A defendant must be advised of the charge against him and the consequences of pleading guilty if his plea is to be considered voluntary and intelligent. Id. "Specifically, the defendant must be told that a guilty plea involves a waiver of the right to a trial by jury, the right to confront adverse witnesses, and the right to protection against self-incrimination." Id. (quoting Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992)). Additionally, the defendant must be informed of the minimum and maximum penalties associated with the crime for which he is pleading guilty. URCCC 8.04 A(4)(b). However, the defendant carries the burden of proving that his plea was not voluntary and intelligently given. Id. Lastly, a defendant's "solemn declarations in open court carry a strong presumption of veracity." Id. (quoting Fields v. State, 840 So.2d 796(¶ 4) (Miss.Ct.App.2003)).
¶ 7. During his plea colloquy, Nichols was informed of the nature of the charges against him and the consequences of his plea of guilty. Additionally, he was advised of the minimum and maximum penalties for kidnaping and attempted sexual assault. When asked about any history of psychiatric illness or mental disease, Nichols stated that he spent two and a half months at the East Mississippi Hospital in 1994; however, he further stated that despite that history he felt that he could fully understand what he was doing. Specifically, when asked, "Is there any question in your mind about your ability to understand and appreciate what we're doing here," Nichols responded, "I understand, sir." Additionally, the trial court questioned Nichols's trial attorney as to his opinion of Nichols's ability to understand and he stated, "After spending the past 30 to 60 days with the defendant, I am convinced that he is aware of what he is faced with and is able to give his consent freely and voluntarily."
¶ 8. It is clear from the record that Nichols knowingly, voluntarily and intelligently *966 plead guilty. As such, this issue is without merit.
II. WHETHER THE APPELLANT WAS COMPETENT TO STAND TRIAL.
¶ 9. Nichols next argues that he was not competent to stand trial in the Itawamba County cause. He argues that he has a history of mental illness and this should have prompted the lower court to suspend sentencing and conduct a competency hearing.
¶ 10. Mississippi Code Annotated Section 99-39-9(2) requires a separate motion for post-conviction relief for each judgment the petitioner wishes to challenge. Miss.Code Ann. § 99-39-9(2) (Rev. 2000). Therefore, Nichols is statutorily barred from raising the issue of his competency to stand trial for aggravated assault in Itawamba County in the same motion in which he argues that his plea of guilty was not voluntarily and intelligently given in the Lee County cause. However, the factual circumstances of the case sub judice are quite unusual. Nichols's Lee and Itawamba County causes are interrelated by the fact that his sentencing hearing in the Itawamba cause was also his plea hearing in the Lee County cause in which he pled guilty. The State made a sentencing recommendation that encompassed disposition in both cases simultaneously, and the trial court accepted that recommendation and sentenced Nichols in accordance with its terms. Additionally, those issues raised by Nichols in his PCR, namely, the first three issues he argues to this Court, are issues surrounding both judgments. Nichols's first issue concerns his guilty plea in the Lee County cause, his second assignment of error is that he was not competent to stand trial in the Itawamba cause and his third issue concerns ineffective assistance of counsel during both the Lee and Itawamba County causes. Despite an apparent violation of the procedural requirements of Section 99-39-9(2), the trial court entertained Nichols's motion and reached the merits of the issues he raised. Lastly, in its brief to this Court, the State makes no issue of the fact that Nichols combined arguments surrounding two judgments in one motion for post-conviction relief. With this background, we decline to address Nichols's apparent violation of Section 99-39-9(2) on plain error analysis. Therefore, notwithstanding Nichols's procedural misstep, we speak to the merits of those issues brought before this Court.
¶ 11. While discussing Nichols's competency to enter his guilty pleas, the lower court noted in its denial of Nichols's motion for post-conviction relief, as we did above, that Nichols was questioned regarding his level of understanding of the proceedings and consequences of his guilty plea. This was buttressed with Nichols's attorney's statement regarding Nichols's ability to understand the proceedings. Also, the sentencing court noted, in finding that Nichols had entered his guilty pleas knowingly and voluntarily, that it had the opportunity to observe Nichols during the two-day trial on the aggravated assault cause. While Rule 9.06 of the Uniform Rules of Circuit and County Court Practice require the court to hold a competency hearing if it determines that reasonable grounds exist for such, we find from a thorough reading of the record that reasonable grounds did not exist. We cannot say that the lower court was clearly erroneous in his findings, and, therefore, this issue is without merit.
III. WHETHER THE APPELLANT WAS AFFORDED EFFECTIVE COUNSEL AS GUARANTEED BY THE SIXTH AMENDMENT TO THE CONSTITUTION.
¶ 12. Nichols's third argument is that he was denied effective assistance of *967 counsel during his aggravated assault trial, plea hearing and joint sentencing in that his trial counsel failed to demand a competency hearing. Noting, again, Nichols's improper grouping in one motion for post-conviction relief issues surrounding more than one judgment, in violation of Section 99-39-9(2), we find his claim of ineffective assistance of counsel unpersuasive.
¶ 13. The defendant bears the burden of establishing ineffective assistance of counsel, and he must show that (1) defense counsel's performance was deficient when measured by the objective standard of reasonable professional competence, and (2) that the defendant was prejudiced by counsel's failure to meet that standard. Pleas v. State, 766 So.2d 41(¶ 3) (Miss.Ct. App.2000) (citing Wiley v. State, 750 So.2d 1193(¶ 11) (Miss.1999)). "He must specifically allege facts showing that effective assistance of counsel was not in fact rendered, and he must allege with specificity the fact that but for such purported actions by ineffective counsel, the results of the trial court decision would have been different." Roby v. State, 861 So.2d 368(¶ 8) (Miss.Ct.App.2003) (quoting Smith v. State, 434 So.2d 212, 219 (Miss.1983)). "On review, we look with deference upon counsel's performance, considering the totality of the circumstances to determine whether it was both deficient and prejudicial." Id. (quoting Conner v. State, 684 So.2d 608, 610 (Miss.1996)).
¶ 14. The only indication in the record that Nichols had any history of mental illness was his response to the trial court's inquiries, detailed above. From the trial court's observations explained during Nichols's sentencing, Nichols's trial counsel's statements and Nichols's own statements, there is no indication that his competency was ever in question or hindered his defense. This issue is without merit.
IV. WHETHER THE TRIAL COURT ERRED BY PERMITTING THE STATE TO AMEND THE INDICTMENT.
¶ 15. Nichols's final argument, which was not raised in his motion below, improperly or not, is that the trial court erred in allowing the State to amend the indictment on the Itawamba County cause for aggravated assault as, he argues, the amended indictment was fatally defective. While "substantive challenges to the sufficiency of the indictment are not waivable and may be raised for the first time on appeal," Havard v. State, 928 So.2d 771(¶ 59) (Miss.2006), Nichols again raises an issue regarding his conviction in his appeal of the denial of his motion for post-conviction relief in which he also raises issues regarding the sufficiency of his guilty plea in violation of Section 99-39-9(2), as noted above. However, despite this procedural flaw, we find Nichols's final issue without merit.
¶ 16. Nichols's Itawamba County indictment stated, in pertinent part,
JOHNNY P. NICHOLS in said County and State on the 28th day of December, A.D., 2001, did wilfully, unlawfully and feloniously commit an aggravated assault upon Michael Bridges by attempting to cause and by causing, knowingly and purposely, serious bodily injury to Michael Bridges, a human being, with a deadly weapon, to-wit: a rifle, by shooting Michael Bridges in the right ankle with a rifle, thereby manifesting extreme indifference to the value of human life; contrary to the form of the statute in such cases as provided, and against the peace and dignity of the state of Mississippi.
The amended indictment was identical except the phrase "thereby manifesting extreme indifference to the value of human life" was deleted. The supreme court recently *968 reiterated the appropriate standard of review when the sufficiency of an indictment is in question. "The indictment must be a plain, concise and definite written statement of the essential facts constituting the offense charged and shall fully notify the defendant of the nature and cause of the accusation against him." Havard, 928 So.2d at (¶ 60) (citing Peterson v. State, 671 So.2d 647, 653-54 (Miss.1996)); URCCC 7.06. Additionally, the indictment must contain those factors listed in URCCC 7.06. Id. The seven factors enumerated in URCCC 7.06 include:
1. The name of the accused;
2. The date on which the indictment was filed in court;
3. A statement that the prosecution is brought in the name and by the authority of the State of Mississippi;
4. The county and judicial district in which the indictment is brought;
5. The date and, if applicable, the time at which the offense was alleged to have been committed. Failure to state the correct date shall not render the indictment insufficient;
6. The signature of the foreman of the grand jury issuing it; and
7. The words "against the peace and dignity of the state."
URCCC 7.06. Nichols's indictment, as amended, satisfies the above requirements. Additionally, although decided before the adoption of 7.06, the supreme court has also held that the phrase "under circumstances manifesting extreme indifference to the value of human life" is not a necessary element to a charge of aggravated assault. Harbin v. State, 478 So.2d 796, 798-99 (Miss.1985).
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF ITAWAMBA COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., CHANDLER, GRIFFIS, BARNES, ISHEE AND CARLTON, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.