ROBERTS, J.,
for the Court:
¶ 1. This appeal stems from the Oktib-beha County Circuit Court’s August 24, 2011 summary denial of Joe S. Cane’s motion for post-conviction relief (PCR).[1] On February 1, 2010, Cane pled guilty to Count I, sexual battery (oral sex), and Count III, exploitation of a child (possessing a photograph actually depicting a child engaging in sexually-explicit conduct). On Count I, he was sentenced to serve eight years in the custody of the Mississippi Department of Corrections (MDOC) with five years of post-release supervision (PRS). On Count III, he was sentenced to serve eight years in the custody of the MDOC. The circuit judge ordered Cane’s sentence in Count III to run concurrently with his sentence in Count I. Cane was also ordered to pay a $500 fine. In Count II, Cane was charged with sexual battery (sexual intercourse), but this count was nolle prossed. Cane filed a PCR motion on August 8, 2011, and it is from the summary denial of this motion that he now appeals.
FACTS AND PROCEDURAL HISTORY
¶ 2. On July 15, 2009, an Oktibbeha County grand jury indicted Cane on three counts. The first two counts charged him with sexual battery pursuant to Mississippi Code Annotated section 97-3-95 (Rev. 2006); the last count charged him with possessing a photograph of a child engaging in sexually-explicit conduct pursuant to Mississippi Code Annotated section 97-5-33 (Supp.2011). On February 1, 2010, Cane and his attorney appeared before the circuit court to enter a guilty plea. The circuit judge proceeded to describe each constitutional right Cane was waiving by entering a guilty plea. Cane indicated that he understood he was giving up the following rights: the right to a jury trial, the right against self-incrimination, the right to confront -witnesses, the right to testify on his own behalf, and the right to directly appeal to the Mississippi Supreme Court. Cane also stated that his attorney had explained the guilty-plea petition to him, including the minimum and maximum sentences and the elements of the crimes, and he understood what he was signing. He further stated that he was not promised anything or threatened to enter his guilty pleas. The circuit judge accepted Cane’s guilty pleas, finding that the guilty pleas “to count one and count three of the indictment ... [were] freely, voluntarily, knowingly!,] and intelligently entered!.]”
¶ 3. The State provided its factual basis for the crimes. According to the State, Cane engaged in oral sex with his seventeen-year-old niece. Cane also had a cell phone containing nude pictures of his niece engaged in sexually explicit conduct. The State also indicated that Cane had elected to plead in the open, but that the second count of sexual battery would be dismissed. The circuit judge accepted the factual basis for the crimes and dismissed Count II of the indictment by nolle prose-qui order. Cane was sentenced on Count I to serve eight years in the custody of the MDOC, followed by five years of PRS, plus a $500 fine. His sentence on Count III was to serve eight years in the custody of the MDOC to run concurrently with his eight-year sentence in Count I. He was also required to register as a sex offender upon release. The circuit judge also credited Cane for time he had already served in jail on these charges, which was approximately one year.
*570 ¶ 4. On August 11, 2011, Cane filed a PCR motion in the circuit court alleging that the State violated his First, Fifth, Eighth, and Fourteenth Amendment rights. Specifically, he claimed that he did not understand his Miranda rights and that his request for an attorney did not end the interrogation; thus, his statement to the police that was relied upon in the circuit court should not have been allowed.[2] Additionally, Cane claimed that he was denied a speedy trial and that he had ineffective assistance of counsel. The circuit court summarily denied Cane’s PCR motion on August 24, 2011. From this denial, Cane now appeals.
¶ 5. On appeal, Cane raises the following issues:
I. Whether Cane’s plea of guilty was intelligently and voluntarily entered.
II. Whether the [circuit court] erred in accepting Cane’s plea to the charges of sexual battery and child exploitation^] because there was no factual basis of his guilt.
III. Whether Cane was deprived of effective assistance of counsel.
IV. Whether Cane was deprived of his right [to a] speedy trial.
STANDARD OF REVIEW
¶ 6. “When reviewing a [circuit] court’s decision to deny a [PCR motion,] this Court will not disturb the [circuit] court’s factual findings unless they are found to be clearly erroneous. Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999) (citing Bank of Miss. v. S. Mem’l Park, Inc., 677 So.2d 186, 191 (Miss.1996)). Questions of law receive a de novo analysis. Id.
ANALYSIS
I. Guilty Plea
¶ 7. For the sake of judicial economy, we will combine the Issues I and II in this section of our analysis, as they both pertain to Cane’s entry of his guilty plea.
¶ 8. In his first issue, Cane asserts that his guilty plea was not intelligently and voluntarily entered because he was threatened with one hundred years in prison if he did not plead guilty, versus a five-year sentence if he did plead guilty. Additionally, Cane claims he was coerced into entering his guilty plea based on an illegally obtained, false, and inadmissible confession. In his second issue, Cane claims there was an insufficient factual basis for the circuit judge to accept his guilty plea. To support this argument, Cane asserts that the State relied on a confession he had given the police after his Miranda rights were violated and that he was interrogated for four hours with no other witnesses. He further argues that at his guilty-plea hearing, he initially denied committing the crime in Count I because his niece inserted his penis in her mouth as opposed to him inserting it himself. According to Cane, the factual basis was not sufficient because his niece was not there to testify, no witnesses were called, and only hearsay statements were relied upon to coerce him into entering the plea.
¶ 9. After a review of the Cane’s guilty-plea colloquy, we cannot find that the circuit judge erred in summarily dismissing Cane’s PCR motion on the ground that Cane’s guilty plea was voluntarily, freely, and intelligently entered. Cane repeatedly informed the circuit judge that he was guilty of the crimes and that he understood what he was doing by pleading guilty. He also informed the circuit judge *571 that he was neither threatened or coerced by anyone into entering his guilty plea nor promised anything in exchange for entering a guilty plea. He also admitted that his attorney had explained the guilty-plea petition to him and that he knew the elements of the crimes he was pleading guilty to, as well as the minimum and maximum sentences for the crimes. Statements made in open court under oath “carry a strong presumption of veracity.” Nichols v. State, 955 So.2d 962, 965 (¶ 6) (Miss.Ct.App.2007) (quoting Herrod v. State, 901 So.2d 635, 636 (¶ 5) (Miss.Ct.App.2004)). As for any claims of error by the police officers in obtaining his confession, Cane’s valid guilty plea acts as a waiver of all non-jurisdictional defects, such as “those rights secured by the Fifth, Sixth, and Fourteenth Amendments.” Anderson v. State, 577 So.2d 390, 391 (Miss.1991) (internal citations omitted). In Turner v. State, 864 So.2d 288, 292 (¶ 17) (Miss.Ct.App.2003), this Court held: “A factual basis for a guilty plea may be established in a number of ways, including by a statement of the prosecutor, the testimony of live witnesses, and prior proceedings, as well as an actual admission by the defendant....” In establishing the factual basis in the current case, the circuit judge relied on a signed written statement made by Cane to the police and the State’s description of the underlying facts and the essential elements of both crimes. The State read the pertinent portions of Cane’s written statement to the circuit judge before Cane’s guilty pleas were accepted. Additionally, the circuit judge specifically asked Cane if he was guilty of engaging in oral sex with his niece and whether he was guilty of possessing photographs of his niece engaging in sexually explicit conduct. Cane answered that he was guilty of both acts. Based on the record before us, we find there was a sufficient factual basis for the circuit judge to accept Cain’s guilty pleas to both crimes.
¶ 10. This issue is without merit.
II. Ineffective Assistance of Counsel
¶ 11. Cane asserts that he received ineffective assistance of counsel. According to Cane, his attorney was ineffective for the following reasons: refusing to take the case to trial; failing to file a motion to suppress illegally obtained evidence; failing to file a motion to request discovery; failing to adequately investigate the facts of the case; failing to require the State to recommend a five-year sentence, as was discussed during the plea negotiations; failing to point out factual inaccuracies, such as that Cane himself was not the one who took pictures of his niece’s genitals; and committing perjury by stating he explained the guilty-plea petition to Cane. Cane claims that he would have insisted on going to trial had his attorney adequately informed him and filed the above-mentioned motions.
¶ 12. In PCR cases, “where a party offers only his affidavit, then his ineffective assistance of counsel claim is without merit.” Brooks v. State, 89 So.3d 626, 628 (¶ 6) (Miss.Ct.App.2011) (quoting Vielee v. State, 653 So.2d 920, 922 (Miss.1995)). Cane failed to provide any independent affidavit to support his claim of ineffective assistance of counsel. He has presented no evidence beyond the statements made in his brief and PCR motion that his attorney was deficient. Additionally, at his guilty-plea hearing, Cane stated that his attorney had explained the guilty-plea petition to him and that his attorney had not promised him anything or threatened him into entering his guilty plea. His signed guilty-plea petition also indicated that he was “satisfied with the advice and help [his attorney] had given [him.]” As we stated above, statements made in open *572 court under oath “carry a strong presumption of veracity.” Nichols, 955 So.2d at 965 (¶ 6) (quoting Herrod, 901 So.2d at 636 (¶ 5)). His in-court statements that he was satisfied with his attorney’s performance, coupled with his failure to provide any affidavit to support his claim of ineffective assistance of counsel, cause this claim to fail.
¶ 13. This issue is without merit.
III. Right to a Speedy Trial
¶ 14. In Cane’s last issue, he claims that he was deprived of his constitutional right to a speedy trial. Cane was arrested in March 2009 and indicted on July 15, 2009. He entered his guilty plea on February 1, 2010. The record does not provide any evidence that Cane asserted his right to a speedy trial at any time. Additionally, in his signed guilty-plea petition, Cane agreed that he waived certain constitutional rights, including his right to a speedy and public trial by jury.
¶ 15. In Fulton v. State, 844 So.2d 1171, 1172 (¶ 4) (Miss.Ct.App.2003) (citing Anderson v. State, 577 So.2d 390, 391 (Miss.1991)), this Court stated that a valid guilty plea waives all non-jurisdictional rights or defects, including the right to a speedy trial. Cane’s claim fails because his valid guilty plea acts as a waiver to his claim that his right to a speedy trial was violated. Cane’s claim also fails because he failed to assert his right to a speedy trial at any time before he entered his guilty plea. “When the [right-to-a-speedy-trial issue] was not raised below and there was no plain error, we have refused to address allegations regarding speedy trial.” Dora v. State, 986 So.2d 917, 925 (¶ 18) (Miss.2008) (quoting State v. Woodall, 744 So.2d 747, 750 (Miss.1999)).
¶ 16. Since we found that Cane’s guilty plea was unquestionably valid, he has waived his right to a speedy trial and cannot raise that issue on appeal of the dismissal of his PCR motion.
¶ 17. THE JUDGMENT OF THE OK-TIBBEHA COUNTY CIRCUIT COURT SUMMARILY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO OKTIBBEHA COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL, RUSSELL AND FAIR, JJ„ CONCUR.

. This case was consolidated with Cane v. State, 2011-CP-00274-COA, for the purpose of obtaining Cane's guilty-plea hearing transcript.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).