**IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI**

**NO. 2013-CP-01586-COA**

**MONICA CARSON**                                                                 **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                          **APPELLEE**


DATE OF JUDGMENT:              09/05/2013
TRIAL JUDGE:                   HON. JOHN HUEY EMFINGER
COURT FROM WHICH APPEALED:     MADISON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:        MONICA CARSON (PRO SE)
ATTORNEY FOR APPELLEE:         OFFICE OF THE ATTORNEY GENERAL
                               BY: LAURA HOGAN TEDDER
NATURE OF THE CASE:            CIVIL - POST-CONVICTION RELIEF
TRIAL COURT DISPOSITION:       DENIED MOTION FOR POST-
                               CONVICTION RELIEF
DISPOSITION:                   AFFIRMED - 11/18/2014
MOTION FOR REHEARING FILED:
MANDATE ISSUED:


**BEFORE LEE, C.J., ROBERTS AND CARLTON, JJ.**

**LEE, C.J., FOR THE COURT:**

FACTS AND PROCEDURAL HISTORY

¶1.     On June 6, 2011, Monica Carson pleaded guilty in the Madison County Circuit Court

to robbery.  Carson was sentenced to fifteen years to serve in the custody of the Mississippi

Department of Corrections (MDOC).  She also pleaded guilty to robbery in two other related

cause numbers, and received suspended sentences of fifteen years each, to run concurrently

with each other but consecutively to the first sentence.  Carson was sentenced to five years

of supervised probation.  On June 26, 2013, Carson filed a motion for post-conviction relief

(PCR). The trial court denied Carson's motion. Carson now appeals, asserting (1) ineffective assistance of counsel, (2) disparate sentencing, (3) error in the trial court's acceptance of her plea, (4) error in the trial court's denial of an evidentiary hearing, (5) error in the trial court's denial of her motion for PCR, and (6) cumulative error.

## STANDARD OF REVIEW

¶2. When reviewing a trial court's denial or dismissal of a PCR motion, we will only disturb the trial court's decision if it is clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review. *Hughes v. State*, 106 So. 3d 836, 838 (¶4) (Miss. Ct. App. 2012).

## DISCUSSION

### I. INEFFECTIVE ASSISTANCE OF COUNSEL

¶3. Carson argues her counsel was ineffective because he failed to advise her about the law of robbery and accessory after the fact, inform her of the consequences of her plea, and investigate the case and interview witnesses. In order to succeed on a claim of ineffective assistance of counsel, the defendant must prove that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "In the context of guilty pleas, this means the defendant must show that, were it not for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Burrough v. State*, 9 So. 3d 368, 375 (¶22) (Miss. 2009) (citing *Coleman v. State*, 483 So. 2d 680, 683 (Miss. 1986)). Furthermore, "[a] petitioner must produce 'more than conclusory allegations on a claim of ineffective assistance of counsel.'" *McCray v. State*, 107 So. 3d 1042, 1045 (¶12) (Miss. Ct. App. 2012) (quoting *Carpenter v. State*, 899

2

So. 2d 916, 921 (¶23) (Miss. Ct. App. 2005)). "In cases involving post-conviction collateral relief, 'where a party offers only his affidavit, then his ineffective assistance of counsel claim is without merit.'" *Watts v. State*, 97 So. 3d 722, 726 (¶12) (Miss. Ct. App. 2012) (citation omitted) (citing *Vielee v. State*, 653 So. 2d 920, 922 (Miss. 1995)).

¶4. Carson's motion for PCR rests entirely on her own bare assertions. She offers no additional proof to support her claim that her trial counsel's assistance was deficient and that she would not have pleaded guilty had it been otherwise. We therefore affirm the trial court's decision to deny relief based on this issue.

¶5. While we affirm based on the above grounds, we also address Carson's assertion that the facts only support a conviction of accessory after the fact. Carson argues that had counsel advised her of this, she would not have pleaded guilty to the greater offense of robbery. It is well settled that "[a] guilty plea will be found valid if it is shown to have been voluntarily and intelligently made by the criminal defendant before the trial court." *Burrough*, 9 So. 3d at 373 (¶11) (citation omitted). "To determine whether the plea is voluntarily and intelligently given, the trial court must advise the defendant of his rights, the nature of the charge against him, as well as the consequences of the plea." *Id.* (citation omitted).

¶6. During the plea hearing, Carson was given the opportunity to disagree with the factual basis of her plea in this case. She did not. She read and signed a petition to enter a guilty plea and stated that she understood what she read. She stated that she, after discussions with her attorney regarding the facts and circumstances of the case, decided to plead guilty and that her admission of guilt was freely and voluntarily made. She said counsel advised her

3

as to the elements of and the defenses to the crime.  The trial court reviewed Carson's rights with her, which she waived, and the consequences of the plea, including the minimum and maximum periods of incarceration that could be imposed for each cause number.  Carson said that she was pleading guilty because she was in fact guilty of committing these crimes and that she was satisfied with her attorney's representation.  As this Court has stated numerous times, "[s]tatements made in open court under oath 'carry a strong presumption of veracity.'"  *Cane v. State*, 109 So. 3d 568, 571 (¶9) (Miss. Ct. App. 2012) (quoting *Nichols v. State*, 955 So. 2d 962, 965 (¶6) (Miss. Ct. App. 2007)).  To rebut this presumption, she must offer more than her own bare assertions that her trial counsel was ineffective.  She failed to do so; thus, this issue is without merit.

## II.     DISPARATE SENTENCING

¶7.     Carson argues that her codefendant received a lesser sentence; thus, her due-process rights were violated.  "Sentencing is within the complete discretion of the trial court and not subject to appellate review if it is within the limits prescribed by statute."  *Wall v. State*, 718 So. 2d 1107, 1114 (¶29) (Miss. 1998) (quotations omitted).  "As a general rule, a sentence that does not exceed the maximum period allowed by statute will not be disturbed on appeal."  *White v. State*, 742 So. 2d 1126, 1135 (¶35) (Miss. 1999) (citing *Wallace v. State*, 607 So. 2d 1184, 1188 (Miss. 1992)).  Carson's sentence was within the statutory limits.  *See* Miss. Code Ann. § 97-3-75 (Rev. 2014).

¶8.     Furthermore, a trial court is not required to impose the same sentence on coconspirators.  *Buckley v. State*, 119 So. 3d 1171, 1174 (¶11) (Miss. Ct. App. 2013) (citing *Collins v. State*, 822 So. 2d 364, 366 (¶6) (Miss. Ct. App. 2002)).  Carson alleges that she and

4

Ashley Brown, one of three codefendants, committed the same crime and pleaded guilty to the same crime, but that Brown was sentenced to probation while Carson received a fifteen-year sentence. She offers no proof to support these allegations. Regardless, the trial court acted within its discretion when imposing a sentence on Carson that was within the statutory guidelines. This issue is without merit.

III. FACTUAL BASIS FOR GUILTY PLEA

¶9. Carson argues that the factual basis for her guilty plea does not support robbery and constitutes a denial of due process of law. According to Mississippi Code Annotated section 97-3-79 (Rev. 2014):

> Every person who shall feloniously take or attempt to take from the person or from the presence the personal property of another and against his will by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon shall be guilty of robbery . . . .

¶10. Carson confessed to jumping out of a vehicle with two other people, one of them held the gun, and one of them demanded money from Ramedio Venture.[1] Venture handed them his wallet. Carson and the other defendants also confessed to two other robberies that had occurred in the area. In one, they jumped out of a vehicle and snatched Abraham Cruz's apron, which contained his wallet and cell phone. In another, they robbed Gaspar Gomez Francisco of his wallet by kicking and punching him. During her plea colloquy, Carson admitted that in each of these offenses she took property from these people against their will by placing them in fear of immediate injury to their person. As stated above, "[s]tatements made in open court under oath 'carry a strong presumption of veracity.'" *Cane*, 109 So. 3d

---

[1] Different variations of the spelling of this name are seen throughout the record.

at 571 (¶9). Carson offers no evidence other than her own assertion that what she pleaded guilty to amounts to accessory after the fact. The factual basis for Carson's plea meets the elements of armed robbery. This issue is without merit.

IV.     EVIDENTIARY HEARING

¶11.    Carson argues that the trial court erred in failing to conduct an evidentiary hearing before summarily denying her PCR motion. The Mississippi Supreme Court has stated:

> Under section 99-39-11(2) of the Mississippi Code, a trial court may summarily dismiss a petition for PCR, without having held an evidentiary hearing, when it is clear that the petitioner is not entitled to relief under the [Mississippi Uniform Post-Conviction Collateral Relief Act]. This Court has established that dismissal of a PCR motion is proper where "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Turner v. State*, 590 So. 2d 871, 874 (Miss. 1991).

*State v. Santiago*, 773 So. 2d 921, 923-24 (¶11) (Miss. 2000).

¶12.    Carson relies entirely on her own assertions as evidence that she is entitled to post-conviction relief. These bare assertions are in direct conflict with her open-court statements. As stated above, "[s]tatements made in open court under oath 'carry a strong presumption of veracity.'" *Cane*, 109 So. 3d at 571 (¶9). The trial court was entitled to rely on Carson's sworn statements. Furthermore, Carson can prove no set of facts that would entitle her to relief. The trial court found that Carson knowingly and voluntarily pleaded guilty to the crime of robbery and that she was satisfied with her representation. The record reflects, by Carson's own admission, that her trial counsel advised her on the elements of, defenses to, and consequences of pleading guilty to robbery. The trial court acted within its discretion when sentencing Carson to a term within the statutory range. Carson offered no new or

6

additional proof other than her own affidavit. Upon review of the record, we find the trial court properly denied Carson's PCR motion. This issue is without merit.

## V.    DENIAL OF THE MOTION FOR PCR

¶13.    Carson alleges that the trial court erred by denying the PCR motion without evaluating the claims of the motion or making any specific findings on the individual claims. As stated above, Carson relies solely on her own bare assertions without offering any new or additional proof to support her claims. The trial court reviewed the record and found Carson's motion to be without merit. We affirm.

## VI.    CUMULATIVE ERROR

¶14.    Finally, Carson contends that all of the errors in her case, taken together, warrant relief. Under the cumulative-error doctrine, individual errors "may combine with other errors to make up reversible error, where the cumulative effect of all errors deprives the defendant of a fundamentally fair trial." *Ross v. State*, 954 So. 2d 968, 1018 (¶138) (Miss. 2007) (citing *Byrom v. State*, 863 So. 2d 836, 847 (¶12) (Miss. 2003)). "However, where there is no error in part, there can be no reversible error to the whole." *Harris v. State*, 970 So. 2d 151, 157 (¶24) (Miss. 2007) (citing *Gibson v. State*, 731 So. 2d 1087, 1098 (¶31) (Miss. 1998)). Finding no error, there can be no cumulative error. This issue is without merit.

¶15.    **THE JUDGMENT OF THE MADISON COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MADISON COUNTY.**

**IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.**